STATE of Minnesota, Respondent,

v.

John William HENTHORNE, Appellant.

No. C5–01–770.

Court of Appeals of Minnesota.

Jan. 8, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Scott A. Hersey, Assistant Dakota County Attorney, Hastings, MN, for respondent.

John M. Stuart, State Public Defender, Sara L. Martin, Assistant State Public Defender, Marie Wolf, Assistant State Public Defender, Minneapolis, MN, for appellant.

Considered and decided by WILLIS, Presiding Judge, ANDERSON, Judge, and FOLEY, Judge.*

## OPINION

G. BARRY ANDERSON, Judge.

Appellant pleaded guilty to two separate counts of criminal sexual conduct. The mandatory ten-year conditional-release term was never mentioned to appellant as a condition of his guilty plea. He was placed on probation, but later violated probation. The district court, as a result of the probation violation, several years after appellant's guilty plea, added the conditional-release term to appellant's sentence. The district court denied appellant's motion to withdraw his guilty plea. We reverse.

## FACTS

On July 21, 1995, appellant returned home after having a few drinks with his friends. Appellant went to the bedroom of his daughter, who was asleep in bed. His daughter's cousin was also asleep in the same bedroom. Both girls stated that appellant sexually molested them that eve-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ning. Appellant ultimately pleaded guilty to criminal sexual conduct in the second degree (Minn.Stat. § 609.343, subd. 1(g) (1994)) and attempted criminal sexual conduct in the fourth degree (Minn.Stat. §§ 609.345, subd. 1(d), 609.17, subd. 1 (1994)). The district court imposed two consecutive 36–month stayed sentences. The court ordered appellant to serve two consecutive 360–day jail terms, followed by a 90–day term for his violation of probation on an unrelated sentence. Finally, the district court placed appellant on probation for a term of 3 to 10 years for each of the two counts.

Approximately five years later, the district court, after determining appellant had violated his probation, revoked the stay and executed the 72–month aggregate sentence. Although not part of the original plea agreement, the district court also imposed the mandatory ten-year conditional-release term in addition to the 72–month executed sentence.

Appellant then petitioned the district court to allow withdrawal of his guilty plea. The district court denied the request, and appellant now challenges the district court's addition of the conditional-release term to the executed sentence.

## ISSUES

I. Did the district court abuse its discretion by denying appellant's motion to withdraw his guilty plea after the district court had revoked appellant's probation and added the ten-year mandatory conditional-release period required by Minn.Stat. § 609.109, subd. 7 (2000), to appellant's 72–month executed sentence?

II. Is the conditional-release term a collateral consequence of appellant's guilty plea?

## ANALYSIS

### I.

We will reverse a district court's determination of whether to permit withdrawal of a guilty plea only if the district court abused its discretion. *Barragan v. State*, 583 N.W.2d 571, 572 (Minn.1998). The supreme court recently stated:

A valid guilty plea must be accurate, voluntary, and intelligent. *See Alanis v. State*, 583 N.W.2d 573, 577 (Minn.1998); *see also* Minn. R.Crim. P. 15.05, subd. 1 (stating court shall allow defendant to withdraw guilty plea if necessary to correct manifest injustice). "The voluntariness requirement insures that the guilty plea is not in response to improper pressures or inducements." *Alanis*, 583 N.W.2d at 577. Inducement of a guilty plea by promises that cannot be fulfilled invalidates the plea; possible remedies include requiring specific performance of the agreement, altering the sentence, or allowing the plea to be withdrawn. *See State v. Brown*, 606 N.W.2d 670, 674 (Minn.2000); *[State v.] Garcia*, 582 N.W.2d at 882.

*State v. Jumping Eagle*, 620 N.W.2d 42, 43 (Minn.2000).

A conviction for certain crimes carries with it a conditional-release term [1] even after release from a prison sentence. Minn.Stat. § 609.109, subd. 7(a) (2000), provides for a ten-year conditional-release term:

1. The supreme court has held:
   Conditional release is a period of supervision by the Commissioner of Corrections. The commissioner may revoke the conditional release and order the person to serve the remaining portion of the release term in prison if the terms of the release, crafted by the commissioner, are violated. *See* Minn. Stat. § 609.109, subd. 7(b) (1998).
   *Jumping Eagle,* 620 N.W.2d at 43 n. 1.

If the person was convicted for [a criminal sexual conduct violation,] a second or subsequent time, or sentenced under subdivision 6 to a mandatory departure, the person shall be placed on conditional release for ten years, minus the time the person served on supervised release.[2]

Appellant's original plea agreement and sentence did not include the ten-year mandatory conditional-release term. *See* Minn.Stat. § 609.109, subd. 7(a).

The supreme court has expressly held that a conditional-release term for the statutorily enumerated offenses is mandatory and nonwaivable. *State v. Humes,* 581 N.W.2d 317, 320–21 (Minn.1998).

■ Here, the district court imposed the conditional-release term at the same time it executed appellant's previously stayed 72–month sentence.[3]

■ If a defendant is given an unqualified promise regarding a sentence that does not include a conditional-release term, and the court later adds the conditional-release term, the defendant "must be allowed to withdraw from the plea agreement if he so chooses." *State v. Garcia,* 582 N.W.2d 879, 882 (Minn.1998). Nowhere in the record of appellant's original plea did the district court or the prosecution mention the ten-year conditional-release term.

The supreme court recently addressed issues surrounding the withdrawal of guilty pleas due to the subsequent imposition of mandatory conditional-release terms in *Jumping Eagle, Brown,* and *Garcia.*

Respondent argues that *Brown* should control in this case. But the circumstances here are radically different from those in *Brown.* In *Brown,* the sentence received by the defendant after the conditional-release term was added was less than the sentence duration bargained for under one of the plea contingencies. *See Brown,* 606 N.W.2d at 675. The supreme court held that because Brown knew the consequence of his plea could be a maximum of 172 months of incarceration, the addition of the 60–month conditional-release term to his sentence, which increased his total possible term of incarceration to 146 months, did not mandate allowing Brown to withdraw his plea. *Id.* at n. 6. In other words, Brown's total possible period of incarceration, even after adding the conditional-release term, could never be above the maximum term contemplated when he entered his plea.

In *Jumping Eagle,* the defendant entered into a plea agreement that contemplated a stayed sentence, but later violated probation. *Jumping Eagle,* 620 N.W.2d at 43. The supreme court held that the conditional-release term could not be added at the probation-revocation hearing without allowing the defendant to withdraw his guilty plea because the resulting sentence "exceed[ed] the upper limit of his court-accepted plea petition." *Id.* at 44.

■ *Jumping Eagle* is dispositive in the present case. The district court sentenced

---

**2.** Minn.Stat. § 609.109, subd. 7(a), was recodified from Minn.Stat. § 609.346, subd. 5(a) in 1995, but remains, in substance, unchanged. *See* Minn.Stat. § 609.346, subd. 5(a) (1994).

**3.** Appellant states that he is not subject to a ten-year conditional release term because his prior sex-related conviction is from Wisconsin. But a Minnesota court may use a conviction from a foreign jurisdiction if that conviction was based upon a substantively similar statute. *See State v. Combs,* 504 N.W.2d 248, 250–51 (Minn.App.1993), *review denied* (Minn. Sept. 21, 1993). Therefore, the district court's imposition of a conditional-release term under Minn.Stat. § 609.109, recognizing appellant's Wisconsin conviction, was proper.

appellant to a total term of 75 months (72 months plus 90 days for his probation violation from an earlier assault conviction). He served two years in local jails before placement on probation. At his probation revocation hearing, the 72–month sentence was executed. By adding the ten-year conditional-release term to appellant's sentence, appellant is subject to the potential of 120 months of incarceration in addition to his executed 72–month sentence. This total potential period of incarceration far exceeds appellant's initial 75–month stayed sentence. Just as in *Jumping Eagle*, this resulting sentence violates appellant's original plea agreement. Therefore, appellant must be allowed to withdraw his plea.

Finally, *Garcia* also supports appellant's argument that he should be able to withdraw his guilty plea. In *Garcia* the parties neglected to add the mandatory conditional-release term to Garcia's sentence. *Garcia*, 582 N.W.2d at 880–81. Garcia argued that the prosecution should be held to the plea agreement's stated 81–month sentence. *Id.* at 881. The supreme court held that Garcia had a choice: he could withdraw his guilty plea or consent to be bound by the plea in addition the ten-year conditional release term. *Id.* at 882. But the supreme court held that Garcia could not get specific performance of his original plea agreement, because the law did not authorize it in the first place. *Id.* at 881–82. Because *Garcia* allows withdrawal of a plea, it also supports our conclusion that appellant should be allowed to withdraw his guilty plea.[4]

## II.

■■■ Respondent argues that the imposition of the conditional-release term is a collateral consequence of a guilty plea. Direct consequences are those that flow definitely, immediately, and automatically from a guilty plea, namely, the maximum sentence to be imposed and the amount of any fine. All other consequences are collateral. *Alanis*, 583 N.W.2d at 578. But ignorance of a collateral consequence does not entitle a defendant to withdraw a guilty plea. *See Kim v. State*, 434 N.W.2d 263, 266–67 (Minn.1989).

Minnesota courts have held that deportation is a collateral consequence of a guilty plea, *Alanis*, 583 N.W.2d at 578, as is revocation of driving privileges, *State v. Washburn*, 602 N.W.2d 244, 246 (Minn. App.1999), and the loss of the right to possess a firearm, *State v. Rodriguez*, 590 N.W.2d 823, 825 (Minn.App.1999), *review denied* (Minn. May 26, 1999).

■■■ The supreme court has not directly addressed whether imposition of a conditional-release term is a direct or collateral consequence of a guilty plea. But because the supreme court has clearly stated that the maximum sentence is a direct consequence, it follows that imposition of a conditional-release term is also a direct consequence. *See Alanis*, 583 N.W.2d at 578. This consequence is direct because it affects the maximum amount of prison time appellant may have to serve. Respondent's argument that the conditional-release term is a collateral consequence of a guilty plea therefore fails.

---

4. Respondent argues that an unpublished decision, *State v. Bettinger*, No. C1–99–1445, 2001 WL 267433 (Minn.App.2001), supports the argument that appellant should not be allowed to withdraw his plea. *Bettinger* is distinguishable on several grounds. First, there was no duration mentioned in Bettinger's plea agreement. *Id.* at *3. Second, the 21–month presumptive sentence imposed at sentencing was not part of the plea agreement and could not have been known because the pre-sentence investigation had not even been prepared at the time the plea was entered. *Id.* Finally, it is clear that Bettinger was only pleading guilty to avoid prison. *Id.*

## DECISION

The district court abused its discretion when it refused to allow appellant to withdraw his guilty plea. Because the subsequent imposition of the ten-year mandatory conditional-release term causes appellant's sentence to exceed the maximum sentence contemplated by his original plea agreement, appellant must be allowed to withdraw his guilty plea. Furthermore, the district court erred when it found that the conditional-release term was a collateral consequence of appellant's guilty plea.

**Reversed.**