STATE of Minnesota, Respondent,

v.

Thomas Robert WUKAWITZ
Jr., Appellant.

No. C6–02–30.

Court of Appeals of Minnesota.

June 4, 2002.

Mike Hatch, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for respondent.

John M. Stuart, State Public Defender, Rochelle R. Winn, Assistant Public Defender, Minneapolis, MN, for appellant.

Considered and decided by LANSING, Presiding Judge, RANDALL, Judge, and PORITSKY, Judge.*

## OPINION

LANSING, Judge.

The Ramsey County District Court modified Thomas Wukawitz Jr.'s 140–month prison sentence to include a 60–month concurrent and coterminous conditional-release term. We conclude that the conditional-release term may not com-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

mence before the defendant has been released from incarceration, but the district court may reduce the conditional-release term so that the total period of possible incarceration does not exceed the upper limit of the sentence negotiated in the plea agreement.

## FACTS

Thomas Wukawitz Jr. pleaded guilty in 1998 to two counts of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subds. 1(a) and 2 (1992). The conduct involved two separate victims and occurred between 1988 and 1992. Wukawitz entered his plea as part of a plea agreement that provided for an executed prison sentence of 54 months on one count and 86 months on the other. The district court imposed consecutive sentences of 54 months and 86 months, an aggregate of 140 months. The mandatory conditional-release term was not discussed during the plea negotiations or at the plea or sentencing hearing.

In April 2000, the district court issued an amended sentencing order that imposed the additional five-year conditional-release term under Minn.Stat. § 609.109, subd. 7a (2000). Wukawitz moved to withdraw his plea. The district court denied the motion, and Wukawitz appealed. In an unpublished opinion, this court reversed and remanded for the district court to determine whether the plea agreement was induced by the prosecutor's agreement to a maximum executed term. *State v. Wukawitz*, No. C7–00–1859, (Minn.App. May 8, 2001), *review denied* (Minn. July 24, 2001).

On remand, the district court found that the plea had been induced by an agreement that the executed sentence would not exceed the aggregate total of 140 months. The district court then amended Wukawitz's sentence so that the conditional-release term was concurrent and coterminous with the 140–month sentence.

Wukawitz appeals, contending that this method of imposing the conditional-release term violates Minn.Stat. § 609.109, subd. 7a, because the conditional-release term begins to run before he has completed his incarceration on the original sentence. Wukawitz contends that he should instead be allowed to withdraw his plea or that his actual incarceration should be reduced to a total of 80 months so that his 60 months of conditional release can begin and end within the 140–month sentence.

## ISSUE

Did the district court err by ordering a conditional-release term that is concurrent and coterminous with Wukawitz's 140–month sentence?

## ANALYSIS

Beginning in August 1992, certain criminal-sexual-conduct convictions involving terms of imprisonment have been subject to an additional period of conditional release. *See* 1992 Minn. Laws ch. 571, art. 1, §§ 25, 29 (initially referred to as supervised release); 1993 Minn. Laws ch. 326, art. 9, § 9 (reference changed to conditional release); 1998 Minn. Laws ch. 367, art. 6, § 6 (codified at Minn.Stat. § 609.109, subd. 7 (2000)). Inmates sentenced to prison for specified criminal sexual conduct committed on or after August 1, 1992, who did not have conditional-release terms imposed as part of their sentences, were notified of corrected sentences adding the conditional-release terms. *See, e.g., State v. Calmes*, 632 N.W.2d 641, 644 (Minn. 2001); *State v. Schwartz*, 628 N.W.2d 134, 137 (Minn.2001); *State v. Jumping Eagle*, 620 N.W.2d 42, 43 (Minn.2000); *State v. Brown*, 606 N.W.2d 670, 673 (Minn.2000); *State v. Garcia*, 582 N.W.2d 879, 881 (Minn.1998); *State v. Humes*, 581 N.W.2d 317, 318–19 (Minn.1998).

The conditional-release statute provides that persons who commit certain criminal-sexual-conduct offenses are placed on a five- or ten-year conditional release after completing their imposed sentence:

[W]hen a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release * * * for five years, minus the time the person served on supervised release [or][i]f the person was convicted for a violation of one of those sections a second or subsequent time, * * * conditional release for ten years, minus the time the person served on supervised release.

Minn.Stat. § 609.109, subd. 7(a).

The correction of previously imposed sentences to include statutory conditional-release terms has raised difficult sentencing issues in the district courts and engendered a number of appeals. The supreme court has addressed these issues in six cases. In *Humes*, the court upheld, against due process and double jeopardy challenges, the district court's authority to amend a sentence to add the conditional-release term. *Humes*, 581 N.W.2d at 320–21. Relying on *Bangert v. State*, 282 N.W.2d 540 (Minn.1979), the court reasoned that an error of law in sentencing may be corrected even though it results in a harsher sentence. *Humes*, 581 N.W.2d at 320. The court held that the conditional-release terms were mandated by statute and could not be waived. *Id.* at 321.

In *Garcia*, the supreme court applied these principles to a conviction based on a plea bargain. *Garcia*, 582 N.W.2d at 881. The court held that the district court had authority to apply a conditional-release term to a sentence based on a plea bargain that included a negotiated, maximum sentence. *Id.* at 881–82. But if the addition of a conditional-release term caused a breach of an unconditional promise, the defendant could withdraw his plea. *Id.* at 882. The general issue of the right to withdraw a guilty plea was not squarely presented, however, because the state conceded that, under the circumstances of the case, the defendant could withdraw his plea if a conditional-release term were added. *Brown*, 606 N.W.2d at 674 n. 5; *State v. Garcia*, No. C4–97–1337, 1997 WL 644964, *1 (Minn.App. Oct.21, 1997).

In *Brown*, the court held that a conditional-release term could be added to a sentence when the conviction was based on a negotiated plea if the negotiated agreement did not include the promise of a fixed, maximum sentence. *Brown*, 606 N.W.2d at 674–75. The court observed that breach of a plea agreement generally presents three courses of action: plea withdrawal, specific performance, or alteration of the sentence. *Id.* at 674. The court further observed that *Garcia* removed the specific-performance option for unauthorized sentences, but plea withdrawal and sentence modification were still available options. *Id.*

*Jumping Eagle* extended the discussion of remedies for breached plea agreements. *Jumping Eagle*, 620 N.W.2d at 43. The court held that when the addition of a mandatory conditional-release term has the effect of increasing a defendant's sentence beyond the upper limit of his negotiated and court-accepted plea agreement, the sentencing court must choose either to modify the defendant's sentence so that it does not exceed the upper limit of the plea agreement or to allow the defendant to withdraw his guilty plea. *Jumping Eagle*, 620 N.W.2d at 45.

In *Schwartz*, the fifth case dealing with the conditional-release term, the supreme court held that the Commissioner of Correction's authority over the conditional-re-

lease program did not violate the Minnesota Constitution's separation-of-powers provisions. *Schwartz,* 628 N.W.2d at 139–41. In the sixth case, the court held that a defendant's due process rights were not violated when the district court modified his sentence to include a conditional-release term five months after he was released from incarceration, but during his period of supervised release. *Calmes,* 632 N.W.2d at 646–48.

The issues in Wukawitz's appeal arise in part from the holdings of these cases and in part from sentencing procedures that these cases have not directly addressed. Wukawitz contends, first, that under *Jumping Eagle,* he has the right to withdraw his plea if the addition of the conditional-release term could potentially extend his sentence beyond the negotiated maximum and the state cannot show specific prejudice caused by the withdrawal. We read *Jumping Eagle,* consistent with *Brown,* to recognize two ways to remedy the breach of a plea agreement that may extend the maximum agreed-upon term but not to create a priority for plea withdrawal that can be exercised at the defendant's option. Thus, the district court may, without first granting or denying plea withdrawal, modify the sentence so that it includes a conditional-release term but does not extend beyond the time provided in the plea agreement. *See U.S. v. Van Thournout,* 100 F.3d 590, 594 (8th Cir. 1996); *Correale v. U.S.,* 479 F.2d 944, 950 (1st Cir.1973); *State v. Trott,* 338 N.W.2d 248, 252 (Minn.1983).

*Jumping Eagle* permits the state to make an argument on whether the court should allow plea withdrawal or should modify the sentence. *Jumping Eagle,* 620 N.W.2d at 45. But it does not restrict the district court's choice of remedies so long as the modification includes a conditional-release term and results in a sentence that does not exceed the upper limit of the negotiated plea. *Id.* We do not read either *Jumping Eagle* or *Garcia* to restructure the law on plea withdrawal. *See* Minn. R.Crim. P. 15.05, subd. 1 (providing that district court shall allow defendant to withdraw guilty plea upon timely motion and proof that withdrawal is necessary to correct manifest injustice). By allowing the prosecution to argue prejudice, *Jumping Eagle* did not reassign the burden of persuasion on plea withdrawals, and it did not create a priority for plea withdrawal over sentence modification.

Wukawitz further argues that even if the court has the option to modify the sentence rather than allow plea withdrawal, the court may not modify his sentence by imposing a conditional-release term concurrent and coterminous with his 140–month sentence because Minn.Stat. § 609.109, subd. 7, requires that the sentence be completed before the conditional-release term may begin.

The state does not dispute that Wukawitz negotiated a specific term of months in return for his guilty pleas. According to the agreement, Wukawitz received consecutive, executed sentences of 54 and 86 months for an aggregate of 140 months. The term of incarceration is presumptively equal to two-thirds of the executed sentence, with the remaining time to be served as supervised release subject to alteration for in-prison disciplinary offenses. Minn.Stat. §§ 244.01, subd. 8, .05, subd. 1(b) (2000); *Schwartz,* 628 N.W.2d at 139. The conditional-release statute provides that supervised release and conditional release may run concurrently. Minn.Stat. § 609.109, subd. 7 (providing that "person shall be placed on conditional release for five years, minus the time the person served on supervised release").

Before imposition of a conditional-release term and assuming the maximum amount of supervised release, Wukawitz would be incarcerated 93⅓ months and on

supervised release for 46⅔ months. If the court ordered that a 60–month conditional release would commence at the end of Wukawitz's 93⅓ months of incarceration and overlap with the supervised release, Wukawitz's sentence would be extended 13⅓ months because of the conditional-release term. Wukawitz argues that the only modification that would not result in a breach of his plea agreement would reduce the incarceration portion of his sentence from 93⅓ months to 80 months and thus allow a full 60 month conditional-release term. In other words, the combined effect of imposing the conditional-release term of Wukawitz's negotiated 140 month sentence would be to reduce by 13⅓ months the incarceration time ordered in his original sentence. We do not think that the legislature intended that the conditional-release terms, enacted to ensure additional supervision of convicted sex offenders following release from incarceration, should be carved out of the offender's imposed incarceration. *See Humes*, 581 N.W.2d at 319–20 (discussing purpose of conditional-release statute).

Furthermore, the language of the conditional-release statute that provides for conditional release "after the person has completed the sentence imposed" would be violated because the "imposed sentence" or actual incarceration ordered at the time of the original sentence would not be completed before the conditional-release term was added; the "sentence imposed" would have 13 months remaining. *See* Minn.Stat. § 609.109, subd. 7. ("[T]he court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release.") By the same token, we agree with Wukawitz that a conditional-release term cannot be satisfied by making it concurrent to incarceration. It is a contradiction in terms to commence conditional release while a defendant is still incarcerated.

Both the arguments of the state and Wukawitz are premised on an assumption that the five-year conditional-release term and the ten-year conditional-release term are indivisible time periods that may not be reduced in any circumstance to modify the sentence to come within the terms of the plea agreement. We do not share that assumption. Nothing in *Humes, Garcia, Brown, Jumping Eagle, Schwartz,* or *Calmes* compels a conclusion that the *duration* of a conditional release is in all circumstances mandatory and nonwaivable. The court, in those cases, refers to a "conditional-release term" or a "conditional-release period" that is mandatory, but it does not require that the term or period must be exactly five years or exactly ten years. The statute itself recognizes that the five-year or ten-year duration may be adjusted by permitting supervised release to be subtracted from the conditional-release term. When the legislature clarified the statute in 1993, it specifically removed the language that provided for a release term of "not less than five years" or "not less than ten years." 1993 Minn. Laws ch. 326, art. 9, § 9. Although the statute clearly provides for a five- or ten-year conditional-release term in ordinary circumstances, when satisfaction of that specific term would reduce the previously imposed incarceration, the result would not just thwart the legislation but would accomplish a completely opposite purpose. Permitting a reduction of the conditional-release term rather than eliminating previously imposed incarceration time is more consistent with the statutory purpose in correcting this defined group of cases that were incorrectly sentenced before sentencing courts, prosecutors, and defense attorneys understood that the conditional-release terms were mandatory and nonwaivable. *See* Minn.Stat. § 645.08 (2000) (statutes should not be construed inconsistent with the manifest intent of

the legislature or repugnant to the statute's context).

Wukawitz has included in his appendix an unpublished opinion of this court, *Jones v. State*, No. C3–01–248 (Minn.App. Sept.25, 2001), that he points to as support for his arguments. *Jones* is not a case in which the sentencing court limited the conditional-release term so that it did not exceed the negotiated-sentence term. Similarly, in *State v. Henthorne* 637 N.W.2d 852 (Minn.App.2002), *review denied* (Minn. Mar. 27, 2002), the conditional-release term exceeded the original negotiated-sentence terms, and the defendant did not even seek modification of the sentence. These cases, thus, did not squarely address the issue of *how* a sentence, later expanded by a conditional-release term, could be modified. *Cf. Brown*, 606 N.W.2d at 674 n. 5. ("[T]he issue of the right to withdraw a plea of guilty was not squarely presented in *Garcia.*")

Based on this analysis, we conclude that the district court may not impose a conditional-release term that commences while Wukawitz is still serving the incarceration portion of his sentence. But the district court may, within its discretion, provide that the sentence be corrected to impose a conditional-release term of less than five years that ends on the same date as Wukawitz's original sentence. Thus, the district court may impose a conditional-release term of up to five years that commences at the conclusion of Wukawitz's incarceration and terminates on the same date as the original sentence.

## DECISION

We affirm, as modified, the district court's decision to impose a conditional-release term of up to five years that ends on the same date as Wukawitz's original sentence.

**Affirmed as modified.**