STATE of Minnesota, Respondent,

v.

Thomas Robert WUKAWITZ, Jr.,
Petitioner, Appellant.

No. C6–02–30.

Supreme Court of Minnesota.

May 29, 2003.

518 

Rochelle R. Wynn, Assistant State Public Defender, Minneapolis, for appellant.

Michael A. Hatch, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant Ramsey County Attorney, St. Paul, for respondent.

## OPINION

BLATZ, Chief Justice.

In this sentencing appeal, appellant Thomas Robert Wukawitz, Jr. challenges the method by which his plea-negotiated sentence was amended to impose a mandatory conditional release term of five years. The Ramsey County District Court im-

posed a 5–year conditional release term concurrent with Wukawitz's sentence, beginning while Wukawitz was incarcerated and running for the remaining 60 months of his sentence. The court of appeals affirmed the district court but with modification holding that conditional release could not commence before Wukawitz had been released from prison. The court concluded, however, that the district court could reduce the conditional release term to less than the five years mandated by the statute in order to not violate the terms of the plea agreement. Wukawitz contends that the plain meaning of the statute and our prior holdings require that the court of appeals' decision be reversed and he be allowed either to withdraw his plea or have his sentence modified to allow for only 80 months of incarceration plus a 60–month term of conditional release, thereby honoring the agreed-upon cap of 140 months while still accommodating the prescribed conditional release term.

We hold that in those limited circumstances where imposition of a conditional release term after sentencing would violate the plea agreement, the district court may allow the defendant to withdraw his plea. We further hold that if a plea withdrawal would unduly prejudice the state, the district court may impose conditional release commencing after the defendant is released from prison for a period of less than the five- or ten-year conditional release term set forth in the statute. Accordingly, we remand to the district court to determine whether the state would be unduly prejudiced if Wukawitz were allowed to withdraw his plea.[1]

On March 12, 1998, Thomas Robert Wukawitz, Jr., pleaded guilty to two counts of first-degree criminal sexual conduct in violation of Minn.Stat. § 609.342, subds. 1(a) and 2 (1992). The conduct involved two minors and occurred between September 1988 and December 1992. Pursuant to a plea agreement, the district court sentenced Wukawitz to consecutive terms of 86 months on count one and 54 months on count two, for a total of 140 months. With credit for good time served, Wukawitz was to serve 93–1/3 months in prison and 46–2/3 months on supervised release. Minn.Stat. § 244.01, subds. 5, 8 (1998). The mandatory conditional release term was not discussed during the plea negotiations nor at the plea or sentencing hearings.[2]

In April 2000, the district court issued an amended sentencing order adding the five-year conditional release term under Minn.Stat. § 609.109, subd. 7. Wukawitz moved to withdraw his plea asserting that he was unaware of the mandatory five-year conditional release term applicable to his convictions when he agreed to plead guilty. The court denied the motion and Wukawitz appealed. In an unpublished opinion, the court of appeals reversed and remanded to the district court, holding that if the district court determined that the plea was induced by the sentence, the district court must either allow Wukawitz to withdraw his plea or modify the sentence so the maximum period of incarceration, including the conditional release term, did not exceed the maximum-executed sentence agreed to in the plea agree-

---

1. Although Wukawitz pleaded guilty to two separate counts, the pleas will be referred to by the singular use, plea.

2. Conditional release is a term of supervision imposed on persons convicted of certain sex crimes after their release from incarceration. Minn.Stat. § 609.109, subd. 7(a) (1998). If a

sex offender fails to meet any condition of release, the commissioner may revoke the person's conditional release and order the person to serve the remaining portion of the release term in prison. Minn.Stat. § 609.109, subd. 7(b).

ment. *State v. Wukawitz*, No. C7–00–1859, 2001 WL 477207, at *2 (Minn.App. May 8, 2001), *rev. denied* (Minn. July 24, 2001).

On remand, the state conceded that Wukawitz negotiated for a specific term of months in return for his guilty plea. Concluding that withdrawal of the plea was not appropriate, the district court modified Wukawitz's sentence, ordering the five-year conditional release term to run concurrent with Wukawitz's 140–month sentence. Under the amended sentence, the 60–month conditional release period would begin after Wukawitz served 80 months of his 140–month sentence and run concurrent with his remaining time in prison and any subsequent supervised release period.

Wukawitz appealed to the court of appeals, arguing that imposing the conditional release term prior to his release from prison violated the conditional release statute. *State v. Wukawitz*, 644 N.W.2d 852, 853 (Minn.App.2002). In support, Wukawitz cited Minn.Stat. § 609.109, subd. 7(a), which requires conditional release to begin "after" a defendant has completed the sentence imposed. *Id.* Agreeing with Wukawitz, the court of appeals concluded that conditional release could not commence while Wukawitz was in prison. *Id.* at 857. The court concluded, however, that the district court could impose a conditional release term of less than five years commencing upon release from prison and terminating on the same date as the original sentence, typically at the completion of supervised release. *Id.* The court further concluded that a district court could modify a defendant's sentence in such a way without giving priority to plea withdrawal. *Id.* at 855. Wukawitz appeals from this decision asking that he be allowed to withdraw his plea or in the alternative, that the length of his time in prison be reduced to

accommodate the mandatory conditional release term.

 Therefore, as framed by the parties, the central issue in this case is whether a defendant has an absolute right to withdraw a plea if a conditional release term is later added that exceeds the agreed-upon sentencing cap, or if under certain circumstances, the district court can modify the sentence to accommodate the non-negotiated mandatory conditional release term. In resolving this issue, we must squarely address our responsibility to insure that a defendant's constitutional rights are not violated and, at the same time, apply the plain and unambiguous language of the conditional release statute to the facts before us. Because all statutes, rules, and case law must be consonant with the dictates of our federal and state constitutions, we begin there.

 Both the United States and the Minnesota Constitutions provide that a person shall not be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. The United State Supreme Court noted in *Mabry v. Johnson* that it is not the plea bargain itself that implicates the Constitution but the ensuing guilty plea. 467 U.S. 504, 507–08, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). Once a defendant has pleaded guilty pursuant to a plea agreement, he has been convicted of a crime that may result in a deprivation of his liberty. Id. at 507–08, 104 S.Ct. 2543. Thus, when a defendant is not fairly apprised of the consequences of his plea, his due process rights are violated. Id. at 509, 104 S.Ct. 2543.

 In Minnesota, we have held that for a guilty plea to be valid, it must be accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). The accuracy requirement protects

the defendant from pleading guilty to a more serious charge than he or she would have been convicted of at trial. The voluntariness requirement insures that the guilty plea is not in response to improper inducements or pressures, and "the intelligent requirement insures that the defendant understands the charges, his or her rights under the law, and the consequences of pleading guilty." *Alanis v. State,* 583 N.W.2d 573, 577 (Minn.1998). In examining the voluntariness requirement, we noted in *State v. Brown,* 606 N.W.2d 670, 674 (Minn.2000), that " 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' " (quoting *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971)). Consequently, if a guilty plea is induced by a government promise, such a promise must be fulfilled or due process is violated. *Margalli–Olvera v. INS,* 43 F.3d 345, 351 (8th Cir.1994).

▆▆▆▆ In the instant case, a plea agreement was tendered by the state and Wukawitz to the court. The plea agreement established that in exchange for a plea of guilty to two separate counts of criminal sexual conduct, Wukawitz would serve two consecutive terms of imprisonment, totaling 140 months. In pleading guilty, Wukawitz gave up his constitutional rights to remain silent, the presumption of innocence, and a 12–person jury. Because Wukawitz's waiver of rights and plea were induced by the promise of a maximum sentence that the district court agreed to honor by its acceptance of the plea, due

process requires that the promise be fulfilled.[3]

Against this constitutional backdrop, we next examine the history of the conditional release statute at issue in this case, Minn. Stat. § 609.109, subd. 7(a) (2000), and our relevant prior case law. Section § 609.109, subd. 7(a) provides that persons convicted of certain criminal sexual conduct offenses are to be placed on a five- or ten-year period of conditional release after completing their imposed sentence:

> Notwithstanding the statutory maximum sentence otherwise applicable to the offense or any provision of the sentencing guidelines, when a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release. If the person was convicted for a violation of section 609.342, 609.343, 609.344, or 609.345, the person shall be placed on conditional release for five years, minus the time the person served on supervised release. If the person was convicted for a violation of one of those sections a second or subsequent time * * *, the person shall be placed on conditional release for ten years, minus the time the person served on supervised release.

This conditional release statute, passed in 1992, applied to criminal sexual conduct crimes that occurred on or after August 1, 1992. *See* Act of April 29, 1992, ch. 571, art. 1, §§ 25 & 29, 1992 Minn. Laws 1983, 2002–04 (codified at Minn.Stat. § 609.346,

---

3. We recognize that some plea agreements contemplate recommendations by the parties without binding the court to a specific sentence. In such cases, the failure of the court to follow such recommendations does not violate due process. *See Perkins v. State,* 559

N.W.2d at 687–88; *State v. Ford,* 397 N.W.2d 875, 882–83 (Minn.1986); *Schwerm v. State,* 288 Minn. 488, 491, 181 N.W.2d 867, 868 (1970). That, however, is not the factual background giving rise to this case.

subd. 5 (1992)). When first enacted, the period of conditional release, then called a "supervised release term," was imposed for "not less than" five or ten years.[4] Act of April 29, 1992, § 25, 1992 Minn. Laws at 2002. In 1993, the terminology "supervised release term" was changed to "conditional release," and the legislature deleted the words "not less than" preceding the specification of the five- or ten-year terms. Act of May 20, 1993, ch. 326, art. 9, § 9, 1993 Minn. Laws 1974, 2089 (codified as Minn.Stat. § 609.346, subd. 5 (1994)). Instead, the conditional release term was changed to a straight five or ten years, minus the time the person served on supervised release. Act of May 20, 1993, § 9, 1993 Minn. Laws at 2089. Further, the legislature adopted the description "supervised release" to define the period of mandatory community supervision following imprisonment if the inmate was released early due to having earned good time. Minn.Stat. § 244.05, subd. 1 (2002). The period of supervised release is typically one-third of the original pronounced sentence. Minn.Stat. §§ 244.04, subd. 1, 244.05, subd. 1 (2002).

In addition to this case, six other cases have been before this court in which the district court failed to impose conditional release at sentencing and later amended the sentence to add the conditional release term. See State v. Calmes, 632 N.W.2d 641, 644 (Minn.2001); State v. Schwartz, 628 N.W.2d 134, 137 (Minn.2001); State v. Jumping Eagle, 620 N.W.2d 42, 43 (Minn. 2000); State v. Brown, 606 N.W.2d 670, 673 (Minn.2000); State v. Garcia, 582 N.W.2d 879, 881 (Minn.1998); State v. Humes, 581 N.W.2d 317, 318–19 (Minn. 1998).[5] Our first case, Humes, involved a conviction by a jury and not a plea negotiation. 581 N.W.2d at 318. Because the district court failed to include a conditional release term at sentencing and later added it, an appeal was taken to determine whether such a term could be added without violating the Due Process or Double Jeopardy Clauses of the United States and Minnesota Constitutions. Id. at 318, 320. We looked to the plain meaning of the statute and held that the word "shall" made conditional release mandatory and not waivable. Id. at 319. We further held that the district court had the authority to amend a sentence to include the mandatory five-year conditional release term because the sentence was illegal without the term and its addition did not violate the Due Process or the Double Jeopardy Clauses. Id. at 321.

In contrast to Humes, the second case decided by this court, Garcia, involved a plea agreement that did not include a conditional release term. 582 N.W.2d at 880. In that case, we held that even though Garcia's conviction was based on a plea bargain that included a negotiated maximum sentence, the district court had jurisdiction to amend Garcia's sentence to include mandatory conditional release. Id. at 881. However, we further held that if the addition of conditional release resulted in a breach of the plea agreement, Garcia could either withdraw his plea or agree to

4. The statute was originally codified as Minn. Stat. § 609.346, subd. 5(a) (1992) but was recodified without change as Minn.Stat. § 609.109, subd. 7(a) in 1998. Act of April 6, 1998, ch. 367, art. 6, § 6, 1998 Minn. Laws 666, 731, 735. The legislature noted at that time that the purpose of the recodification was to "unify these various increased sentence provisions to facilitate their use" and "not * * * to result in any substantive change in the recodified sections." Act of April 6, 1998, § 2, 1998 Minn. Laws at 727.

5. Calmes and Schwartz did not involve claims that the negotiated plea had been induced by the promise of an agreed-upon sentence or other issues pertinent to our analysis and therefore will not be discussed below.

an amended sentence that included the conditional release term.[6] *Id.* at 882. In so holding, we rejected Garcia's request to order specific performance of the original plea agreement because, as we held in *Humes,* the original sentence without the conditional release term was unauthorized. *Garcia,* 582 N.W.2d at 882.

In another case involving a plea bargain, *Brown,* we stated that when a plea is induced by a promise of the prosecutor, that promise must be fulfilled. 606 N.W.2d at 674. In *Brown,* the parties agreed that the defendant, Brown, would receive a sentence of one year of local incarceration followed by probation if he completed an inpatient sex offender treatment program. *Id.* The parties further agreed that if Brown failed to successfully complete the treatment program, a double durational departure sentence of 172 months would be imposed. In the alternative, the parties agreed that if Brown was not accepted into the treatment program, he would be given a guidelines sentence of 86 months. *Id.* at 672–73, n. 1. The plea agreement did not include the mandatory conditional release term. *Brown,* 606 N.W.2d at 672–73.

In accordance with the plea agreement, the district court sentenced Brown to 172 months but stayed the sentence with certain conditions. *Id.* at 673. Brown was ultimately denied admission into the treatment program because he recanted his admission of guilt and the district court executed the 172–month sentence. *Id.* Brown appealed and the court of appeals remanded the case to the district court with instructions to impose the guidelines sentence of 86 months. *Id.* Nearly three years later, the district court corrected

Brown's sentence to include the five-year conditional release term. *Id.* Upon appeal, we held that the addition of conditional release did not violate the terms of the plea agreement for two reasons: (1) Brown's plea was induced more by promise of an opportunity for probation and rehabilitation than by an agreed-upon sentence, and (2) Brown understood when he entered his plea that he could receive a sentence of up to 172 months and that this agreement was not breached when the conditional release term was added to the 86–month term of imprisonment. *Id.* at 674–75 & n. 6.

Our next case, *Jumping Eagle,* also involved a plea negotiation and an omitted conditional release term. 620 N.W.2d at 43. In *Jumping Eagle,* we determined that the agreed-upon maximum sentence term of 172 months induced Jumping Eagle to plead guilty. *Id.* at 44. We further held that because the addition of conditional release resulted in a sentence that exceeded the upper limits of the bargained-for sentence, the imposition of conditional release violated the plea agreement. *Id.* Accordingly, we remanded the case to the district court with instructions to either allow Jumping Eagle to withdraw his plea, or to modify his sentence in accordance with the agreed-upon cap. *Id.* at 45. We further stated that upon remand, the state should be allowed to present argument regarding whether the district court should modify the sentence or allow the plea to be withdrawn, recognizing that absent strong reason, a defendant should not be allowed to withdraw his plea if the state would be unduly prejudiced. *Id.* (*citing Chapman v. State,* 282 Minn. 13, 16–17, 162 N.W.2d 698, 700–01 (1968), and *Hoag-*

---

**6.** The general issue of when a defendant has an absolute right to withdraw a guilty plea was not squarely presented in *Garcia,* because the state conceded that, under the circumstances of the case, the defendant could withdraw his plea. *See State v. Garcia,* 1997 WL 644964, at *1 (Minn.App. Oct.21, 1997); *see also Brown,* 606 N.W.2d at 674 n. 5.

*land v. State,* 518 N.W.2d 531, 536–37 (Minn.1994)).

■ It is within the context of this prior case law and our concerns regarding the dictates of our state and federal constitutions that we turn to the conditional release statute in order to answer the question raised in this appeal. Statutory construction is a question of law and is reviewed de novo. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

■ The primary objective in the interpretation of a statute is to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16 (2002); *Amaral v. Saint Cloud Hosp.,* 598 N.W.2d 379, 384 (Minn.1999). "When interpreting a statute, a court must first determine whether the statute's language, on its face, is clear or ambiguous." *Gomon v. Northland Family Physicians, Ltd.,* 645 N.W.2d 413, 416 (Minn.2002). A statute is considered ambiguous only if the language is subject to more than one reasonable interpretation. *Amaral,* 598 N.W.2d at 384. If the statutory language is plain and unambiguous, the court does not engage in any further construction and instead looks to the plain meaning of the statutory language. *Gomon,* 645 N.W.2d at 416; *Amaral,* 598 N.W.2d at 384. The court is not to disregard the letter of the law under the pretext of pursuing the spirit of the law. Minn.Stat. § 645.16; *Amaral,* 598 N.W.2d at 384. In ascertaining the intention of the legislature, there is a presumption that "[t]he legislature does not intend a result that is absurd, impossible of execution, or unreasonable." Minn.Stat. § 645.17 (2002).

The statute at issue here, Minn.Stat. § 609.109, sub. 7(a), in relevant part provides that "the court *shall* provide that *after* the person has completed the sentence imposed, the commissioner of corrections *shall* place the person on conditional release * * * [and] the person *shall* be placed on conditional release for five years * * *." (emphasis added). Wukawitz argues that the language of the statute is clear and unambiguous—the statute mandates that the district court impose a five-year period of conditional release and conditional release is to begin after he has completed his time in prison. Accordingly, Wukawitz contends that we cannot ignore the clear wording of the statute in order to effectuate what we believe to be the spirit of the statute.

Wukawitz's argument is well taken. The plain meaning of the phrase, "the person *shall* be placed on conditional release for five years * * * [or] ten years" indicates that the period of conditional release must be either five or ten years, not more and not less.[7] Similarly, the plain meaning of the phrase "*after* the person has completed the sentence imposed" indicates that the conditional release term cannot begin prior to the inmate's release from prison. Because the language of the statute is plain and unambiguous, we will not engage in any further construction unless we conclude that the plain meaning leads to absurd or unreasonable results that depart from the purpose of the statute. Minn.Stat. § 645.17; *Wegener v. Commissioner of Revenue,* 505 N.W.2d 612, 617 (Minn.1993).

---

7. In *Humes,* we held that "[t]he canons of statutory construction provide that 'shall' is mandatory," and therefore, the conditional release term is mandatory and not waivable. *Humes,* 581 N.W.2d at 319; *see also* Minn. Stat. § 645.44, subd. 16 (2002). Applying the same analysis to the word "shall" in the phrase "the person *shall* be placed on conditional release for five years * * * [or] ten years" also makes the term of five or ten years mandatory.

The difficulty presented here, however, is not the application of the statute at the initial sentencing hearing but rather, application of the statute after a plea negotiation has been accepted and sentencing has occurred. It is this after-the-fact application of conditional release that butts heads with our state and federal constitutions. This conflict is easily illuminated by the facts of this case.

As the state conceded at the district court, Wukawitz agreed to plead guilty and receive a sentence capped at 140 months. With good time, he would only serve 93–1/3 months in prison and would be on supervised release the remaining 46–2/3 months. Minn.Stat. § 244.01, subds. 5, 8. If a five-year (60–month) conditional release term was imposed at the end of Wukawitz's time in prison, assuming he received all potential credit for good time, Wukawitz's total sentence would be 153–1/3 months—13–1/3 months longer than the total time he agreed to in the plea agreement. When analyzing similar facts in *Jumping Eagle,* we held that when a defendant is induced to plead guilty by an agreed-upon maximum sentence, the modified sentence including the conditional release term cannot exceed the term set forth in the plea agreement. 620 N.W.2d at 44–45. To allow otherwise would violate a defendant's due process rights. The tender of a guilty plea, once accepted by a court, "is and must be a most solemn commitment." *Chapman,* 282 Minn. at 16, 162 N.W.2d at 700.

Wukawitz asserts that the only way to reconcile the plain meaning of the statute and *Jumping Eagle* is for us to either allow him to withdraw his plea or reduce his time in prison. We first look at Wukawitz's contention that he should be allowed to withdraw his plea. When a guilty plea is induced by unfulfilled or unfulfillable promises, the voluntariness of the plea is drawn into question, *Brown,* 606 N.W.2d at 674, and due process considerations require that the defendant be given the opportunity to withdraw his plea. *Santobello,* 404 U.S. at 263, 92 S.Ct. 495. In *Brown* and *Jumping Eagle,* we recognized another option—modification of the sentence so as to not violate the plea agreement. *Brown,* 606 N.W.2d at 674.

Here, Wukawitz's plea was induced by the promise of a maximum executed sentence of 140 months and that promise is violated by the addition of the conditional release term of 60 months. Due process considerations, therefore, mandate that if a conditional release term is to be added, as we have already held it must be, *Humes,* 581 N.W.2d at 321, then Wukawitz must be allowed to withdraw his plea or have his sentence modified so as not to violate the plea agreement. Allowing Wukawitz to withdraw his plea would comply with the plain meaning of the statute and comport with Wukawitz's due process rights. The state argued to the district court, however, that Wukawitz should not be allowed to withdraw his plea because the state would be unduly prejudiced. In support of its argument, the state relies on our statements in *Jumping Eagle.*

In *Jumping Eagle,* we stated that, when the addition of conditional release would result in a violation of the plea agreement, the state should be allowed to present argument to the court regarding whether the court should modify the sentence or allow a plea to be withdrawn. 620 N.W.2d at 45. In so stating, we recognized that prejudice to the state may be a consideration in determining which option to pursue. *Jumping Eagle,* 620 N.W.2d at 45 (*citing Chapman,* 282 Minn. at 16–17, 162 N.W.2d at 700–01, and *Hoagland,* 518 N.W.2d at 536–37). In the past, we have recognized that "reprosecution is always

difficult after the passage of a long period of time," *Wensman v. State,* 342 N.W.2d 150, 151 (Minn.1984), and that plea withdrawal should not be used as a tactical device to frustrate the prosecution. *Chapman,* 282 Minn. at 17, 162 N.W.2d at 701.

In determining prejudice, the burden is on the state to prove undue prejudice. *Hoagland,* 518 N.W.2d at 536. While the state will experience some degree of prejudice in any retrial, whether the state will be unduly prejudiced depends on the facts of each case. *Id.* In this case, the district court did not make specific findings of fact and the record is not sufficiently developed for us to conclude whether undue prejudice would result from Wukawitz's withdrawal of his plea. We therefore remand to the district court to make specific findings as to prejudice. If the district court concludes that the state would not be unduly prejudiced, the application of the statute as well as due process considerations require that Wukawitz be allowed to withdraw his plea.

Contrary to the court of appeals' determination that plea withdrawal does not have priority over the modification of a sentence, we conclude that plea withdrawal should be the first option considered when the imposition of conditional release after the fact would violate the plea agreement. Nonetheless, if the state would be unduly prejudiced by the withdrawal of Wukawitz's plea, the district court may modify his sentence. Wukawitz asserts that the only way to modify his sentence that comports with our prior case law and the conditional release statute is for the minimum period of incarceration—93–1/3 months—to be reduced to 80 months. He then urges us to add the five-year conditional release term, totaling the 140–month negotiated sentence. The state objects to Wukawitz's proposal, arguing that the reduction in prison time would not preserve the expectations of the parties.

The state's argument is not without merit. Both the state and Wukawitz negotiated for a sentence of 140 months, expecting that Wukawitz would serve not less than 93–1/3 months in prison. Courts look to "what the parties to the plea bargain reasonably understood to be the terms of the agreement" in determining whether a plea agreement has been violated. *Brown,* 606 N.W.2d at 674 (citations omitted). Given that both parties in this case anticipated that Wukawitz would spend a minimum of 93–1/3 months in prison, Wukawitz's proposed reduction of prison time in order to accommodate mandatory conditional release would violate the plea agreement.

Further, the future reduction of a sex offender's time in prison so that conditional release can be added could not have been anticipated or desired by the legislature. The title to the 1992 omnibus crime act (Act) that included the conditional release provision described the Act as "increasing supervision of sex offenders." [8] Act of April 29, 1992, ch. 571, title, 1992 Minn. Laws 1983, 1983. Importantly, a number of other provisions included in the Act increased sentences imposed for criminal sexual conduct and imposed stiffer penalties for repeat and patterned sex offenders.[9] Act of April 29, 1992, §§ 22–24, 1992 Minn. Laws at 2000–02 (codified at Minn.Stat. § 609.346 (1992)). Given the legislative history and the Act's increased

8. As we recognized in *La Bere v. Palmer,* "[a]lthough the title of an act is not of decisive significance and may not be used to vary the plain import of a statute's explicit language within the scope of the title, it may be considered in aid of its construction, * * *."

232 Minn. 203, 206, 44 N.W.2d 827, 829 (1950).

9. For example, the legislature increased the statutory maximum sentences imposed for first-degree and second-degree criminal sexual conduct from 25 to 30 years and 20 to 25

penalties for sex offenders, it would be difficult to surmise that the legislature intended the statute to be applied in a way that allowed for early release from prison in order to accommodate a conditional release term. Taken as a whole, the legislative history indicates that, because of the serious and heinous nature of some criminal sexual conduct, the legislature chose to treat some sex offenders more punitively and to keep tighter post-incarceration control of them. Thus, the extraordinary step of reducing incarceration time to accommodate an extra layer of mandatory supervision would undermine the very purpose for which conditional release was enacted. We therefore hold that reduction of Wukawitz's time in prison in order to accommodate a conditional release term that was not within a plea negotiation is not a viable option.

We turn then to the two alternative approaches adopted by the lower courts in modifying Wukawitz's sentence to accommodate conditional release. The district court modified Wukawitz's sentence by imposing the conditional release term concurrent with Wukawitz's sentence, beginning after Wukawitz has served 80 months in prison and running for the remaining 60 months of his sentence. *Wukawitz*, 644 N.W.2d at 852–53. This approach follows the mandate of the conditional release

statute that the conditional release term be for a five-year period but ignores the statute's requirement that conditional release begin after incarceration. Minn.Stat. § 609.109, subd. 7(a).

In contrast, the court of appeals determined that conditional release could not begin before Wukawitz was released from prison. *Wukawitz*, 644 N.W.2d at 856. In order to stay within the framework of the plea agreement, the court of appeals concluded, however, that the district court had the discretion to impose conditional release for less than the five or ten years specified in the statute. *Id.* at 857. While recognizing that such a modification would not comport with the express words and the plain meaning of the statute, the court of appeals determined that such an approach to this difficult issue would be more consistent with the purpose of the conditional release statute. *Id.* at 856.

While both the district court and the court of appeals attempted to arrive at a modification that was consonant with both the statute and our prior case law, we believe the approach taken by the court of appeals more closely fulfills the statutory language and intent of the legislature without violating the constitutional dictates that a plea be accurate, voluntary, and intelligent. We therefore hold that in those circumstances where withdrawal of a

years, respectively, and increased the maximum sentence for sex offenders convicted under section 609.342 (criminal sexual conduct in the first degree) who had previous criminal sexual conduct convictions from 37 years to a life sentence. Act of April 29, 1992, ch. 571, art. 1, §§ 14, 15, 22, 1992 Minn. Laws 1983, 1992–95, 2000–01 (codified at Minn.Stat. §§ 609.342, 609.343, 609.346 (1992)). The legislature also imposed a mandatory 30–year sentence on certain sex offenders if the crime involved an aggravating factor and the person had a previous criminal sexual conduct conviction. Act of April 29, 1992, § 23, 1992 Minn. Laws at 2001 (codified at Minn.Stat. § 609.346 (1992)). Lastly, the legislature re-

moved the provision that allowed a patterned and dangerous sex offender to be put on conditional release once he or she had completed *one half* of his or her sentence if the offender participated in treatment. Act of April 29, 1992, § 12, 1992 Minn. Laws at 1991. Instead, the patterned and dangerous sex offender was to be put on conditional release *after* he or she had completed the sentence imposed less good time earned for a period equal to the remainder of the statutory maximum period or ten years, *whichever was longer.* Act of April 29, 1992, § 12, 1992 Minn. Laws at 1991 (codified at Minn.Stat. § 609.1352, subd. 5 (1992)).

plea would unduly prejudice the state, the district court at its discretion may impose a conditional release term commencing after the defendant is released from prison for a term of less than the five or ten years mandated by the statute. Our holding is limited to those situations where the original sentence did not include conditional release and the imposition of such a term after the fact would violate the plea agreement. We further limit our holding to allow for a reduction in the mandatory five- or ten-year conditional release term only in those instances where a plea withdrawal would unduly prejudice the state. Such a holding preserves the due process rights of defendants while still remaining consonant with the policy objectives of the legislature. Accordingly, we affirm the court of appeals' holding as to the method of modifying Wukawitz's sentence, but reverse the court of appeals' holding that plea withdrawal does not have priority over modification of a sentence. We further remand to the district court to make specific findings as to prejudice.

Affirmed in part, reversed in part, and remanded.