*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1093**

Brian Scott Poquette, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 16, 2016
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27-CR-10-2339

Charles F. Clippert, Clippert Law Firm, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County
Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and T. Smith,
Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

In this appeal from the denial of a postconviction petition, appellant argues that he
is entitled to withdraw his guilty plea because it was involuntary.  We affirm.

**FACTS**

In 2010, the state charged appellant Brian Poquette with two counts of second-degree murder for an incident that occurred in 1992 involving two separate victims. Appellant entered into a plea agreement with the state. The agreement called for appellant to plead guilty to second-degree unintentional murder (count one) and first-degree assault (count two). In exchange for his guilty plea, appellant would receive 336 months in prison. At appellant's plea hearing, the district court stated, "And just so I'm clear, the focus of the plea negotiation is the sentence of 336 months and we're uncertain at this point how we're going to get there, but if it requires consecutive sentencing, the parties are prepared to do that." Appellant's attorney and the prosecutor confirmed that this was the agreement. The plea agreement also allowed appellant to receive credit for his time served in custody out of state since 1992. The district court sentenced appellant to 195 months in prison for count one and 141 months for count two, to be served consecutively. The district court gave appellant credit for 1,909 days served, which is approximately 65 months, of which 1,597 days, or approximately 54 months, were served outside of Minnesota. This resulted in 159 months of actual time to be served, assuming no violations. The parties were in agreement on these terms.

Nearly two years later, appellant moved to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. He argued that his 141-month sentence for count two was not authorized by law because the sentencing guidelines require a permissive consecutive sentence to be calculated using a criminal-history score of zero, but the district court used a criminal-history score of five. He contended that his sentence

for count two should have been 81 months instead of 141 months.  The state agreed, but argued that appellant should not have received credit for time served in other states and should have received credit only for the 312 days he served in Hennepin County.

The district court granted appellant's motion to correct his sentence and reduced his sentence for count two from 141 months to 81 months.  The district court also granted the state's motion to reduce appellant's credit for time served from 1,909 days to 312 days.  The district court noted that granting both motions would result in appellant serving more prison time than his plea agreement originally required.  The court determined that it would be unjust for appellant to serve more time than he originally agreed to in the plea agreement.  It therefore reduced his sentence for count one by 21 months to 174 months, resulting in appellant serving the same amount of time in prison as he would have served under the original plea agreement of 159 months.

Appellant appealed the district court's decision.  He argued that he must be allowed to withdraw his guilty plea and that the district court improperly increased his sentence.  This court refused to consider his request to withdraw his guilty plea because he did not raise the issue before the district court and affirmed the district court's decision to correct his sentence.  *Poquette v. State*, No. A13-0953, 2014 WL 1344296 (Minn. App. Apr. 7, 2014).

Appellant then petitioned for postconviction relief.  He maintained that he was entitled to withdraw his guilty plea because the state improperly induced him to plead guilty by promising him credit for time served in other states, which he did not receive.  The postconviction court denied appellant's petition without a hearing.  The

3

postconviction court concluded that appellant's claim was procedurally barred by the rule in *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), because he did not raise the issue in his motion to correct his sentence. Alternatively, the district court concluded that he was not entitled to withdraw his guilty plea because it was accurate, voluntary, and intelligent. This appeal follows.

## DECISION

Appellant argues that the district court abused its discretion in concluding, without a hearing, that his petition for postconviction relief was *Knaffla*-barred and that he is not entitled to withdraw his guilty plea because it was involuntary. We disagree.

We review the denial of a postconviction petition, including a request for an evidentiary hearing, for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). A postconviction court abuses its discretion when it bases its decision on an erroneous application of the law or when its decision goes against logic and facts in the record. *Id.* A court may deny a postconviction petition without a hearing if the petition and record conclusively show that the petitioner is not entitled to relief. *See* Minn. Stat. § 590.04, subd. 1 (2014). But a court must allow a defendant to withdraw his guilty plea after sentencing if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if the plea is not accurate, voluntary, and intelligent. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Appellant only argues that his guilty plea was not voluntary.

To determine whether a plea is voluntary, we examine the parties' reasonable understanding of the plea agreement's terms. *Id.* at 96. A plea is voluntary when a

4

defendant pleads guilty without improper pressure or coercion. *Id.* The state cannot induce a defendant to plead guilty by offering an unfulfilled or unfulfillable promise. *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000). We consider all relevant circumstances when determining whether a plea is voluntary. *Raleigh*, 778 N.W.2d at 96.

As part of his plea agreement, appellant was to receive credit for 1,597 days that he served in custody out of state. The parties agreed at sentencing that "the focus of the plea negotiation is the sentence of 336 months" and that it was immaterial how the district court ultimately arrived at that number as long as the total sentence was 336 months. And, as further agreed to by the parties, this would result in appellant having 159 months of actual time served. After the district court corrected the sentence by granting both parties' motions, in the interests of justice, it reduced appellant's sentence for count one by 21 months so that he would actually serve the same 159 months under the corrected sentence.

The postconviction court addressed the validity of appellant's plea in addition to determining that his claim was procedurally barred. The postconviction court concluded that appellant was not entitled to withdraw his guilty plea "[b]ecause the primary focus of [appellant's] initial plea was the total amount [appellant] would serve and [] [appellant] is actually serving the same amount of time under the amended sentence as the original sentence." The court therefore determined that appellant "received what was promised in the plea deal."

Even if we were to assume that appellant's claim is not *Knaffla*-barred, it fails on the merits. No evidence in the record contradicts the district court's conclusion that the

5

length of appellant's sentence, and the amount of time to be served, was the primary focus of the plea agreement, not the legal basis by which the district court arrived at that sentence.  By reducing his sentence for both counts, the district court kept this promise because appellant will actually serve the same amount of time in prison under his amended sentence as he would have served under the original plea agreement. Appellant's plea was therefore voluntary because the promise of getting his time in prison reduced was fulfilled and he received "exactly what he bargained for."  *See Carey v. State*, 765 N.W.2d 396, 401 (Minn. App. 2009) (concluding that, when defendant agreed to a sentence contrary to sentencing guidelines, he could not prove that his guilty plea was involuntary because he received "exactly what he bargained for"), *review denied* (Minn. Aug. 11, 2009).  The postconviction court did not abuse its discretion by denying appellant's postconviction petition because the petition and record conclusively show that he is entitled to no relief.

**Affirmed.**