*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1219**

State of Minnesota,
Respondent,

vs.

Virginia Marie Carlson,
Appellant.

**Filed July 25, 2016
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27CR1422055

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany D. Lawonn, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Julie Loftus Nelson, Nelson Criminal Defense & Appeals, P.L.L.C., Minneapolis, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Schellhas, Judge; and Hooten, Judge.

**REYES**, Judge

Appellant argues that she must be allowed to withdraw her guilty plea to theft by swindle to correct a manifest injustice because her plea was not accurate. She also raises several additional arguments in her pro se supplemental brief. We affirm.

## FACTS

Appellant Virginia M. Carlson and her husband Philip L. Carlson (Carlson), (collectively, the Carlsons) advertised their architecture and building services on Craigslist. Complainants, B.C. and K.C., searched for an architect and builder on Craigslist to build a home in Scandia. Complainants met with the Carlsons, who told complainants that appellant was an architect, that Carlson had twenty years of building experience, and that they were currently working on several projects. The Carlsons failed to inform complainants that they were currently facing criminal charges for felony theft by swindle. They also failed to inform complainants that appellant received an order from the Minnesota Board of Architecture, Engineering, Land Surveying, Landscaping Architecture, Geoscience, and Interior Design (architecture board) ordering her to cease and desist from the practice of architecture and from holding herself out to the public in any form as a licensed architect.

On October 15, 2012, complainants signed a contract with the Carlsons' architecture and building services firm, Architektur, Inc. The terms of the contract stated that the Carlsons would build and design complainant's home at a cost of $294,854, the

Carlsons' services would be billed at $63 per hour, and complainants were required to pay a $5,000 deposit, which they paid by check.

Complainants obtained a construction loan with Associated Bank. The bank retained the title to close the loan and to disburse the funds for the construction loans. The Carlsons subsequently attended the city of Scandia's planning-committee meeting. The Carlsons' conduct at the meeting angered the Scandia city officials and they were unsuccessful in obtaining the variances necessary to build complainants' home. After the meeting, one of the city officials informed complainants that the Carlsons were being criminally prosecuted. Nonetheless, complainants decided to move forward with the Carlsons building their home and paid them an additional $5,000.

In March 2013, complainants attended the planning-committee meeting where the officials approved the variances and plans for their home. On March 21, 2013, K.C. met with the Carlsons to obtain the construction drawings, but the Carlsons demanded more money. Complainants requested the drawings for the project, informed the Carlsons that the construction loan was approved and closed, and that they had no intention of paying the Carlsons any more money. Despite multiple subsequent requests, the Carlsons refused to supply the drawings to complainants. On March 27, 2013, the parties met again, and the Carlsons presented complainants with a bill for $21,000 and again refused to supply the drawings. Following that meeting, complainants sent the Carlsons a letter terminating the contract and demanding either a refund of $10,000 or the production of the drawings to be used for bids. Appellant responded by stating that the drawings were

3

protected by copyright and that complainants would have to pay for their use. The Carlsons sent a follow-up letter to complainants threatening legal action.

Despite complainant's notice to the Carlsons that the contract was terminated, Carlson went to the bank and requested payment for work on complainant's project via a construction-loan draw request in the amounts of $156,379 and $23,207. The bank contacted complainants regarding the Carlsons' requested payment, informed the Carlsons that any payment would have to be approved by complainants, and refused to pay the Carlsons.

On July 30, 2014, appellant was charged with one count of attempted aiding and abetting theft by swindle of an amount in excess of $35,000. On April 27, 2015, appellant pleaded guilty to an amended charge of theft by swindle of an amount in excess of $5,000. In exchange, she received a stay of imposition for three years with no additional jail time, running concurrent with the previous felony theft-by-swindle sentence that she is currently serving. On April 29, 2015, appellant was sentenced consistent with the plea agreement, was allowed to withdraw this plea if on appeal her conviction was reversed on the previous felony theft-by-swindle offense, and was ordered to pay restitution in the amount of $10,000 joint and several with Carlson. This appeal follows.

**D E C I S I O N**

**I.    Appellant's guilty plea is supported by a sufficient factual basis.**

Appellant argues that "a sufficient factual basis was not developed that would support [her] guilty plea for theft by swindle because [appellant's] intent to defraud was neither admitted to by [appellant] [nor] otherwise established." We disagree.

Under Minnesota law, "the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A guilty plea is invalid and manifestly unjust if it is not accurate, voluntary, and intelligent. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "A defendant bears the burden of showing [her] plea was invalid." *Id.* The validity of a guilty plea is a question of law, which appellate courts review de novo. *Id.* Appellant argues that there is a manifest injustice because her guilty plea was not accurate or voluntary.

**A.    Accurate**

For a plea to be accurate, it must be supported by a proper factual basis. *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). A proper factual basis requires "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotation omitted). An adequate factual basis may be established when the defendant admits guilt in her own words or is questioned by defense counsel, the prosecutor, or the trial judge at the plea hearing. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994).

5

Under Minnesota law, a person is guilty of theft by swindle when "whether by artifice, trick, device, or any other means, obtains property or services from another person." Minn. Stat. § 609.52, subd. 2(a)(4) (2012). "Theft by swindle requires the intent to defraud . . . . another person by an intentional misrepresentation or scheme." *State v. Flicek*, 657 N.W.2d 592, 598 (Minn. App. 2003).

At the plea hearing, appellant's attorney asked appellant if she understood the guilty plea, the rights she waived, and the consequences of entering the plea. After each question, appellant answered affirmatively. She also acknowledged that she signed the plea petition and understood the rights she was relinquishing. Appellant was given the opportunity to ask any questions regarding the proceeding and she declined. The factual basis for appellant's guilty plea was not established on the first attempt because appellant failed to admit fault for intentionally misleading complainants to believe that she was an architect in order to hire her. On the second attempt, the factual basis for appellant's guilty plea was established during the following exchange between appellant and her attorney:

> Q:  You know [complainants], correct?
> A:  Yes.
> Q:  And you entered into a business agreement with them back in October of 2012, correct?
> A:  Correct.
> Q:  Okay. Now, back in 1999 you got a cease and desist order from the [architect board], correct?
> A:  Correct.
> Q:  And would you agree that that order said that you are hereby ordered pursuant to Minnesota Statute 326.111 subdivision 3, 1998 that respondent shall cease and desist from the practice of architecture and from holding herself out to the public as a licensed architect

6

whether in written or electronic or other communication and from further violation of Minnesota Statute 326.02 [to] 326.15

A: Yes.

Q: Okay. And you received this notice of this order, right?

A: Yes.

Q: Okay. Now, did you tell [complainants] that you were an architect?

A: Yes.

Q: And did you do that in order to get them to hire you on this business -- on their house project and get the money from them, which was over $5,000?

A: Yes.

Q: And this happened in Hennepin County, correct?

A: Yes.

THE COURT: Okay. So you met with them in Hennepin County, is that right?

Q: The -- your meetings all took place in Hennepin County.

A: Yes -- well, some of them were in Scandia, but this was in Hennepin County.

THE COURT: All right. Mr. Kunz.

MR. KUNZ: I think that's probably sufficient, [y]our [h]onor.

THE COURT: All right. All right. I'll accept the plea.

Here, appellant's plea was supported by a proper factual basis. Appellant admitted that she received a letter from the architecture board ordering her to cease and desist from the practice of architecture and from holding herself out *in any form* as a licensed architect. Despite this, she continued to practice architecture and admitted telling complainants that she was an architect so they would hire her and give her over $5,000, which they did. Additionally, based on the criminal complaint, when K.C. requested the construction drawings, appellant refused to produce them and in furtherance of her crime demanded more money for the drawings and refused to supply them. *See State v. Sandmoen*, 390 N.W.2d 419, 422-23 n.2 (Minn. App. 1986) (noting that "investigative reports contained

7

within a file at the time the plea was entered may be considered for the purpose of determining a factual basis for the plea, *if* such documentation will assist in demonstrating that a defendant's plea is 'knowingly and voluntarily entered'" (citing Minn. R. Crim. P. 15)).  The elements of theft by swindle are established.

Appellant argues that the factual basis is insufficient because she never affirmatively acted to defraud complainants since she "never admitted that she was not an architect or that she deceived [complainants] into wrongly believing that she was an architect."  Moreover, appellant "asserted that she is an architect "[b]y education, training, and experience."

But viewing the record as a whole, appellant affirmatively acted with the intent to take complainant's money for herself, and her act was in fact deceptive or a "swindle."  Whether appellant subjectively believed she was or is an architect is irrelevant.  She held herself out as an architect, and is not one, which demonstrates an affirmative intent to defraud.  *See Davis v. State*, 595 N.W.2d 520, 525-26 (Minn. 1999) (illustrating that intent can be inferred by defendant's conduct as well as from events that occurred prior to and after the crime).  Therefore, appellant's guilty plea is accurate as it is supported by a sufficient factual basis.

## B.    Voluntary

While it is unclear what theory appellant raises in her pro se brief, she seemingly argues that she did not voluntarily enter into the plea bargain because (1) the district court judge was biased; (2) the prosecutor committed misconduct; and (3) the conditional

8

provision of her plea was not formally made a part of the plea agreement. Therefore, her guilty plea is invalid. We address each argument in turn.[1]

The voluntary requirement "insures that the guilty plea is not in response to improper pressures or inducements." *Carey v. State*, 765 N.W.2d 396, 400 (Minn. App. 2009) (quotation omitted), *review denied* (Minn. Aug. 11, 2009). "To determine whether a plea is voluntary, the court examines what the parties reasonably understood to be the terms of the plea agreement." *Raleigh*, 778 N.W.2d at 96. Courts consider all relevant circumstances to ensure that the defendant did not plead guilty due to improper pressure or coercion. *Id*.

### 1. Claim that the district court judge was biased

Appellant argues that because the district court judge was biased, he acted in violation of Minn. R. Crim. P. 26.03, subd. 14, and Minn. Code Jud. Conduct Rules 2.3, .4, .6, and therefore her plea must be withdrawn. Appellant's argument is misguided.

Here, the initial district court judge assigned to appellant's case recused himself because he questioned whether he could be fair and impartial. The subsequent presiding district court judge stated that he could be fair and impartial. Appellant was afforded a fair hearing, and appellant fails to allege any additional biased conduct. Consequently, the district court judge was not biased, and he did not violate rule 26.03, subd. 14.

---

[1] Appellant makes many additional allegations at the beginning of her pro se brief that lack further argument or legal authority. Mere assertions of error not supported by argument or authority cannot be considered on appeal except where prejudice is obvious. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997). However, to the extent that she later properly argues these allegations in other sections of her brief, we have addressed them.

Appellant also argues that the presiding district court judge developed a bias against the Carlsons when he stated that he reviewed the case prior to trial. But appellant never had a trial, and the complained-about remarks made by the district court judge were during sentencing after appellant accepted her plea. Appellant's argument fails.

### 2. Claim that the prosecutor committed misconduct

Appellant also argues that her plea must be withdrawn because the prosecutor misrepresented (1) the information regarding the civil judgment and (2) that appellant held herself out to be a licensed architect in violation of the cease and desist order.[2] Appellant's argument is meritless.

A successful prosecutorial-misconduct claim requires that appellant demonstrate that "misconduct occurred and that [it] was prejudicial." *State v. Voorhees*, 596 N.W.2d 241, 253 (Minn. 1999). Appellate courts will reverse based on prosecutorial misconduct if it is "so serious and prejudicial that a defendant's right to a fair trial is denied." *Id* (quotation omitted).

The record reflects that there is a signed order that establishes a related civil judgment against appellant and Carlson in favor of complainants for at least $10,000. The record also reflects that appellant admitted to receiving the order from the architecture board ordering her to cease and desist from holding herself out to the public

---

[2] Appellant also argues that exculpatory evidence was withheld. We construe this argument to mean that *Brady* evidence was withheld. This argument is addressed in conjunction with the section addressing appellant's alleged due-process violations.

*in any form* as a licensed architect.  The prosecutor did not misrepresent this information, and on this record, there is no misconduct requiring withdrawal of appellant's plea.

### 3. Claim of manifest injustice and conditional plea bargain

Appellant argues that her guilty plea is invalid and must be withdrawn to correct a manifest injustice because the conditional provision of her plea was only implied but was not formally made a part of the plea agreement.  But the record reflects that the conditional provision, allowing appellant to withdraw her guilty plea in this case pending reversal on her previous felony theft-by-swindle conviction, was a part of the plea agreement.  Moreover, appellant's argument is now moot because we affirmed that conviction, and the supreme court denied review.  *See State v. Carlson*, A15-0179, 2016 WL 952453, at *1 (Minn. App. Mar. 14, 2016), *review denied* (Minn. May 31, 2016).

Appellant was not unduly influenced by any pressures or inducements to accept the guilty plea.  *Carey*, 765 N.W.2d at 400.  In fact, the district court afforded her many opportunities to withdraw her plea at both the plea and the sentencing hearing.  She declined to request that her plea be withdrawn.  Because appellant reasonably understood the terms of the plea agreement and was not coerced, we conclude that her guilty plea was entered into voluntarily.

## II.   Appellant's additional pro se arguments are meritless.

Appellant further argues that she should be allowed to withdraw her guilty plea because (1) complainant K.C. perjured herself during the victim impact statement; (2) appellant's trial counsel was ineffective; (3) her due-process rights were violated; and (4) the restitution should be vacated.

11

### A.      Claim that complainant perjured herself during her statement

Appellant argues that her plea bargain must be withdrawn because K.C.'s statement was false and biased.  Appellant makes additional arguments regarding complainant's alleged illegal conduct.  Appellant's arguments are misguided.  Because there was no trial, complainant did not provide testimony in which credibility determinations were made.  K.C.'s statement regarding complainants' losses due to appellant was made as part of a victim-impact statement during the Carlson's sentencing.  Under Minnesota law, a victim is permitted to present an impact statement at sentencing.  Minn. Stat. § 611A.038(a) (2014).  Therefore, there was no violation by allowing complainant to present her statement.

### B.      Claim of ineffective assistance of counsel

Appellant argues that her counsel was ineffective by failing to (1) investigate the $10,000 civil judgment; (2) investigate the cease and desist order; (3) investigate and understand Minn. Stat. § 326 (2014);[3] (4) to discover evidence to take her case to trial; and (5) prepare for trial; and therefore her plea should be withdrawn.  Appellant's arguments are unpersuasive.

Claims of ineffective assistance of counsel are analyzed under the two-prong analysis from *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  First, the defendant must show that her counsel's representation fell below an objective standard of reasonableness.  *Id*. at 687-88, 104 S. Ct. at 2064-65.  On review, "[t]here is a

---

[3] Chapter 326 covers various employments that are licensed by the state of Minnesota.

strong presumption that counsel's performance was reasonable." *Schleicher v. State*, 718 N.W.2d 440, 447 (Minn. 2006) (quotation omitted). Second, the defendant must show that "a reasonable probability exists that the outcome would have been different but for counsel's errors." *State v. Bobo*, 770 N.W.2d 129, 137 (Minn. 2009) (quotation omitted). Appellate courts "need not address both the performance and prejudice prongs if one is determinative." *State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003). Appellate courts review ineffective assistance of counsel claims de novo. *Hawes v. State*, 826 N.W.2d 775, 782 (Minn. 2013).

Appellant generally argues that her counsel's aforementioned failures coerced and impacted her decision to plead guilty. However, appellant offers no evidence or legal authority supporting the contention that her counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Mere assertions of error not supported by authority cannot be considered on appeal except where prejudice is obvious. *Modern Recycling, Inc.*, 558 N.W.2d at 772.

Nonetheless, we have considered appellant's arguments and have concluded that they are not supported by the record, which reflects that appellant was well represented. Appellant acknowledged that she and her attorney reviewed the case in great detail, prepared a defense, she had enough time to speak with her attorney, she felt comfortable with her attorney's representation, and agreed that she would have been well represented at trial. Appellant fails to show that her counsel's representation fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65.

14

## C. Alleged *Brady* and due-process-rights violations

Appellant argues that her due-process rights were violated by the failure to obtain a presentence investigation (PSI) and because the prosecution withheld *Brady* material. Appellant's arguments are misguided.

Appellant waived her *Brady* violation and procedural due-process arguments by entering into a counseled guilty plea. *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963); *see also State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)) (stating that a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea"). Also, appellant's counsel spoke with her about waiving her PSI, the district court described the PSI, and appellant explicitly waived the PSI when the district court asked if she would like one ordered. As such, appellant has waived these arguments.

## D. Claim that restitution should be vacated

Appellant argues that there is no civil judgment against her awarding complainants $10,000, that she provided services to complainants in excess of $10,000, and therefore the restitution order should be vacated. Appellant's argument is meritless. She failed to timely challenge restitution under the correct Minnesota law, and her current challenge is now untimely. *See* Minn. Stat. § 611A.045, subd. 3(b) (2014 & Supp. 2015) (stating that an offender is precluded from challenging a restitution order if not done within 30 days of receiving written notification of the restitution order or sentencing, whichever is later). Moreover, the district court stated that appellant could file a motion to modify restitution

15

should complainants be fully reimbursed in their civil judgment so they would not receive a windfall.

**Affirmed.**