*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1718**

State of Minnesota,
Respondent,

vs.

Benjamin Wayne Blaschka,
Appellant.

**Filed September 2, 2014
Affirmed
Rodenberg, Judge**

Houston County District Court
File No. 28-CR-13-134

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jamie L. Hammell, Houston County Attorney, Suzanne M. Bublitz, Assistant County Attorneys, Caledonia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

While committed to the custody of the commissioner of corrections and serving a sentence for an earlier offense, appellant was convicted of assaulting a police officer. He

challenges the district court's sentence committing him to the commissioner of corrections for this gross-misdemeanor offense. We affirm.

## FACTS

Appellant Benjamin Wayne Blaschka was committed to the custody of the commissioner of corrections at MCF-Faribault, a state correctional facility, on a felony conviction from Winona County. On January 30, 2013, and while in the commissioner's custody, appellant was transported under a writ of habeas corpus to the Houston County jail to attend a hearing on a matter pending there. While in jail, appellant struck a Houston County police officer several times and threatened the officer's life.

Appellant was charged by complaint with fourth-degree felony assault in violation of Minn. Stat. § 609.2231, subd. 1 (2012), felony terroristic threats in violation of Minn. Stat. § 609.713, subd. 1 (2012), and obstructing legal process with force in violation of Minn. Stat. § 609.50, subds. 1(2), 2(2) (2012). While still committed to the custody of the commissioner of corrections and serving the earlier unexpired sentence, appellant pleaded guilty in district court to an amended charge of gross-misdemeanor fourth-degree assault. By agreement, the other charges were dismissed.

At the sentencing hearing, the state argued that appellant should be sentenced in accordance with Minn. Stat. § 609.2232 (2012), providing that, if an inmate of a state correctional facility is convicted of, among other offenses, a violation of section 609.2231, his sentence must be served in a state correctional facility, consecutively to the unexpired portion of an earlier sentence. Although appellant did not object to the

2

consecutive nature of his sentence below, he contended that section 609.2232 does not apply here because the assault did not occur in a "state correctional facility."

The district court applied section 609.2232 and sentenced appellant to an executed one-year sentence in the custody of the commissioner of corrections, consecutive to his earlier sentence. This appeal followed.

## DECISION

Appellant argues that the district court erred in sentencing him under section 609.2232 because the offense did not take place while he was "confined in a state correctional facility." Because the assault to which he pleaded guilty occurred at the Houston County jail, he contends, the consecutive sentences should be served in the jail and not in prison.

Minn. Stat. § 609.2232 provides:

> If an inmate of a state correctional facility is convicted of violating [among other statutes, section 609.2231], while confined in the facility, the sentence imposed for the assault shall be executed and run consecutively to any unexpired portion of the offender's earlier sentence. . . . The inmate shall serve the sentence for the assault in a state correctional facility even if the assault conviction was for a misdemeanor or gross misdemeanor.

Statutory construction is a question of law, which we consider de novo. *State v. Wukawitz*, 662 N.W.2d 517, 525 (Minn. 2003). "The primary objective in the interpretation of a statute is to ascertain and effectuate the intention of the legislature." *Id.* "If the statutory language is plain and unambiguous, the court does not engage in any

3

further construction and instead looks to the plain meaning of the statutory language." *Id.* We must first determine whether section 609.2232 is ambiguous.

Appellant focuses his argument on the definition of "state correctional facility," arguing that the district court erred in considering the Houston County jail to be "an extended branch of the Minnesota Department of Corrections."[1]

The plain and unambiguous language of the statute requires only that the defendant (1) is convicted, (2) of one of the enumerated offenses, and (3) that the conviction occurs while he is confined in a state correctional facility. *See* Minn. Stat. § 609.2232. The statute plainly applies to convictions occurring during an offender's confinement, regardless of the precise location of the offense. This construction is consistent with the evident purpose of the statute—to sentence offenders in the custody of the commissioner of corrections to a consecutive sentence to be served in a state correctional facility when they are convicted of new offenses. Appellant's proposed construction is inconsistent with the manifest intent of the legislature. *See* Minn. Stat. § 645.08 (2012).

It would make little sense that an offender already serving an earlier sentence in the custody of the commissioner of corrections should serve a consecutive sentence in a

---

[1] The state's brief focuses on whether appellant's sentence was properly made consecutive to the earlier and unexpired sentence. Appellant did not challenge the consecutive nature of his sentence below but asks us to remand for the district court to consider whether the sentence should be concurrent or consecutive and where it should be served.

4

county jail.[2] At the time the district court adjudicated appellant guilty of the present assault, he was in the custody of the commissioner of corrections serving an earlier sentence. His conviction occurred while he was confined in a "state correctional facility." The district court did not err in sentencing appellant in conformity with section 609.2232.

**Affirmed.**

---

[2] And we note that the commissioner of corrections reclassified appellant after the Houston County jail assault and transferred him to MCF-Oak Park Heights, a prison with higher security than MCF-Faribault.