*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0084**

State of Minnesota,
Respondent,

vs.

Frank Henry Stanhope,
Appellant.

**Filed November 21, 2016
Affirmed
Larkin, Judge**

Hennepin County District Court
File No. 27-CR-14-13370

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Kelly O'Neill Moller, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Larkin, Judge; and

Rodenberg, Judge.

**LARKIN**, Judge

Appellant challenges his conviction of first-degree controlled-substance crime, arguing that the district court erred by denying his presentence request for plea withdrawal. We affirm.

**FACTS**

Respondent State of Minnesota charged appellant Frank Henry Stanhope with first-degree controlled-substance crime. On December 17, 2014, Stanhope appeared before the district court and rejected a plea offer from the state. On May 4, 2015, Stanhope once again rejected a plea offer from the state. On July 20, Stanhope rejected another plea offer from the state.

Stanhope requested a pretrial hearing seeking to suppress the evidence against him. The district court granted the request, held an evidentiary hearing, and denied Stanhope's motion to suppress.

Stanhope ultimately pleaded guilty to first-degree possession of methamphetamine. Stanhope submitted a plea petition in support of his guilty plea. The section of the petition describing the "substance of the agreement" between Stanhope and the prosecutor states: "Straight plea to Judge, set sentencing off, order PSI, Defense to argue for Downward Departure." Stanhope confirmed he understood that his attorney and the state could "make argument[s] as to what the sentence should be," that there was no guarantee of a downward departure and no one had promised otherwise, and that by pleading guilty, he was giving up his "right to challenge the admissibility of evidence that the prosecution has."

Prior to sentencing, Stanhope retained a new attorney and moved to withdraw his guilty plea. He argued that he "should be allowed to withdraw his guilty plea to correct a manifest injustice," that "[i]t would be fair and just to allow [him] to withdraw his guilty plea," and that his "former defense counsel's actions and inactions in this case amount to ineffective assistance of counsel." He submitted an affidavit in support of his motion, which included an e-mail from his first attorney. In the e-mail, the attorney advised Stanhope: "I believe you have a strong case at being eligible for a departure."

At the sentencing hearing, the district court denied Stanhope's motion to withdraw his guilty plea, denied his motion for a downward sentencing departure, and sentenced him to serve 120 months in prison. This appeal follows.

## D E C I S I O N

Stanhope contends that the district court erred by denying his motion for plea withdrawal. "A defendant does not have an absolute right to withdraw a valid guilty plea." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Guilty pleas may be withdrawn only if one of two standards is met. *See* Minn. R. Crim. P. 15.05 (setting forth the manifest-injustice and fair-and-just standards for plea withdrawal).

The district court must allow plea withdrawal at any time "upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). "[T]he manifest injustice standard . . . requires withdrawal where a plea is invalid." *Theis*, 742 N.W.2d at 646. To be valid, a guilty plea must be "accurate, voluntary, and intelligent." *Perkins v. State*, 559

3

N.W.2d 678, 688 (Minn. 1997). "A defendant bears the burden of showing his plea was invalid." *Raleigh*, 778 N.W.2d at 94. The validity of a guilty plea is a question of law that this court reviews de novo. *Id.*

The district court may allow plea withdrawal before sentencing "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. "The court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." *Id.* A defendant has the burden of advancing reasons to support withdrawal. *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). The state has the burden of proving prejudice caused by withdrawal. *State v. Wukawitz*, 662 N.W.2d 517, 527 (Minn. 2003).

Although it is a lower burden, the fair-and-just standard "does not allow a defendant to withdraw a guilty plea for simply any reason." *Theis*, 742 N.W.2d at 646 (quotation omitted). Allowing a defendant to withdraw a guilty plea "for any reason or without good reason" would "undermine the integrity of the plea-taking process." *Kim*, 434 N.W.2d at 266. This court reviews a district court's decision to deny a motion to withdraw a guilty plea under the fair-and-just standard for an abuse of discretion, reversing only in the "rare case." *Id.*

In denying Stanhope's plea-withdrawal motion, the district court reasoned that withdrawal was not necessary to correct a manifest injustice because Stanhope's plea was voluntary and intelligent. The district court also reasoned that Stanhope failed to meet his burden under the fair-and-just standard because "there was nothing objectively in the

4

record suggesting that [Stanhope] failed to comprehend the nature, purpose and consequences of the plea."

On appeal, Stanhope argues that his plea was involuntary and unintelligent, and therefore invalid. He further argues that because his plea was invalid, he meets both the manifest-injustice and fair-and-just standards for plea withdrawal, stating that "[i]f the arguments put forth . . . amount to a manifest injustice, they certainly meet the less stringent 'fair and just' standard." Because Stanhope's sole argument for plea withdrawal under both standards is that his plea was invalid, we focus our analysis on that issue.

**I.**

Stanhope contends that "he was tricked into pleading guilty with an illusory idea that he had a chance at probation and could appeal the *Rasmussen* ruling." He argues that his lawyer assured him that he could argue for a downward dispositional departure and appeal the district court's pretrial evidentiary ruling "based upon a premise, an illusory promise that a probationary sentence and an appeal were possible when they were not, effectively rendering Stanhope's guilty plea . . . invalid." We address each aspect of the alleged illusory promise in turn.

*Illusory Promise: Possibility of a Probationary Sentence*

Stanhope argues that the state and his first lawyer "coerced [his] guilty plea with an illusory possibility of sentence outcome." Stanhope's argument that the state coerced his guilty plea with an illusory sentencing promise is unavailing because the record shows that the state did not make Stanhope any promises regarding sentencing. In fact, Stanhope rejected the state's plea offers and pleaded guilty to the charge without the benefit of a

sentencing agreement. Stanhope's attempt to categorize the circumstances here as a "promise" by the state that he could argue for a downward dispositional departure is not persuasive because he does not cite authority showing that he needed the state's approval to argue for a dispositional departure. Nor does he allege that he was misled to believe that he needed the state's approval to argue for a dispositional departure.

As to the alleged illusory sentencing promise by Stanhope's first lawyer, Stanhope argues that a "defense counsel's promise to his or her client that they can argue for a departure is also premised on a promise that the defendant's argument could be successful." Stanhope further argues that if there is not a reasonable chance of receiving the departure, then the promise to argue for a departure is illusory and the defendant's plea is involuntary.

As support for his position, Stanhope asserts that the e-mail advice from his first lawyer, which advised that he had "a strong case at being eligible for a departure," was unreasonable. But Stanhope does not claim ineffective assistance of counsel on appeal, which would have invited consideration of the reasonableness of his attorney's performance. *Cf. State v. Rhodes*, 657 N.W.2d 823, 842 (Minn. 2003) (stating that when alleging ineffective assistance of counsel, a claimant "must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that the outcome would have been different but for counsel's errors" (quotation omitted)).

In the absence of such a claim, there is no basis for this court to second guess the reasonableness of the attorney's sentencing advice. Nonetheless, we note that the attorney's e-mail explained his opinion regarding the likelihood of a departure and the

reasons for his opinion, including the sentencing judge's "reputation of handing down tough sentences after trial, but being very fair in cases that resolve prior to trial." And as the district court noted, the attorney "could not have known that Mr. Stanhope would admit to [the probation officer conducting the PSI] that he used methamphetamine the night before the meeting, and that he would deny wanting to live a sober lifestyle and viewed treatment as 'a waste of time.'"

In sum, the record does not support Stanhope's argument that the state and his first lawyer "coerced [his] guilty plea with an illusory possibility of a sentence outcome."

*Illusory Promise: Ability to Appeal Pretrial Evidentiary Ruling*

Stanhope also argues that his first attorney improperly induced his plea with an illusory promise "that regardless of whether he received a departure, [he] still had the ability to appeal a ruled-on evidentiary issue after pleading guilty." He argues that he was "given the idea that if he pleaded guilty, he could still challenge the [district court's pretrial evidentiary] ruling" and that his lawyer told him "that he could appeal [the ruling], and he should enter a straight plea and argue for a departure." Stanhope asserts that the alleged misinformation regarding his ability to appeal the pretrial ruling renders his plea unintelligent because he did not understand the direct consequences of his plea.

"A guilty plea by a counseled defendant has traditionally operated . . . as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397

N.W.2d 875, 878 (Minn. 1986). Thus, a defendant generally is not allowed to challenge the district court's pretrial rulings on appeal after pleading guilty.[1]

If Stanhope's attorney advised him that he could challenge the district court's pretrial ruling despite pleading guilty, that advice might call into question the intelligence of Stanhope's plea. *Cf. Raleigh*, 778 N.W.2d at 96-97 (explaining that for a plea to be valid the defendant must understand the "plea's direct consequences"). However, Stanhope's affidavit in support of plea withdrawal does not assert that his first attorney advised him that he could plead guilty and nonetheless challenge the pretrial ruling on appeal. And the e-mail that Stanhope submitted from his first attorney does not provide that advice.

The only support for Stanhope's assertion that his first attorney misinformed him regarding his ability to appeal the pretrial ruling is his second attorney's on-the-record assertion that "Mr. Stanhope was flat out told that he could appeal that issue." That unsworn, hearsay assertion is contradicted by Stanhope's guilty plea petition, which states:

> My attorney has told me and I understand . . . . [t]hat whether or not I have had [a pretrial hearing] I will not be able to object tomorrow or any other time to the evidence that the prosecutor has.

It is also contradicted by the following acknowledgment at the time of his plea:

> STANHOPE'S ATTORNEY: You also understand that at this time you would give up your right, although we actually had the pretrial hearing yesterday afternoon, specifically by entering a guilty plea you give up your right to challenge the

---

[1] A defendant may preserve the right to appeal a dispositive pretrial ruling by pleading not guilty and stipulating to the prosecution's case under Minn. R. Crim. P. 26.01, subd. 4. *See State v. Myhre*, 875 N.W.2d 799, 802 (Minn. 2016) ("Minn. R. Crim. P. 26.01, subd. 4, replaced *Lothenbach* as the method for preserving a dispositive pretrial issue for appellate review in a criminal case.").

admissibility of the evidence that the prosecution has. Do you
understand that?
STANHOPE: Yes.

In sum, the record does not contain evidence showing that Stanhope's first attorney misinformed him regarding his ability to appeal the pretrial ruling. Thus, there is no basis for this court to conclude that his plea was unintelligent on this ground.

*Conclusion*

Lastly, we address Stanhope's argument that his "claim of manifest injustice is not simply waived by his acknowledgements at the time he pleaded guilty, but requires an analysis of what the parties reasonably understood the nature of the plea agreement to be." This argument misses the mark for several reasons. First and foremost, there was not a plea agreement in this case. Second, the state does not argue that Stanhope's statements at the time of his plea constitute a waiver. And third, Stanhope's statements in support of his plea are properly considered when determining whether the plea was valid.

Appellate courts routinely rely on statements made by defendants at the time of their guilty pleas, both on the record and in their plea petitions, when assessing the validity of the pleas. *See Raleigh*, 778 N.W.2d at 96 (relying on an on-the-record exchange between defendant and his attorney to conclude that defendant's plea was voluntary); *State v. Ecker*, 524 N.W.2d 712, 718-19 (Minn. 1994) (relying on "[t]he record of the guilty plea" to reject a claim that a plea was not voluntary); *State v. Aviles-Alvarez*, 561 N.W.2d 523, 526-27 (Minn. App. 1997), *review denied* (Minn. June 11, 1997) (relying on the plea petition and testimony at the plea hearing to conclude that defendant's plea was intelligent). Moreover, when a defendant makes inconsistent statements regarding the validity of his guilty plea,

9

"credibility determinations are crucial, [and] a reviewing court will give deference to the primary observations and trustworthiness assessments made by the district court." *Aviles-Alvarez*, 561 N.W.2d at 527.

When Stanhope tendered his guilty plea, he acknowledged that there were no guarantees or promises regarding sentencing.

> THE COURT: Okay. And so I think your attorney has indicated that he would be requesting at the time of sentencing that I would depart from the guidelines and either give less or do a dispositional departure, which means probation instead of prison. Do you understand that?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: But you also understand there's been no guarantee —
> THE DEFENDANT: Yes, ma'am.
> THE COURT: — no one's made any promises of that?
> THE DEFENDANT: Yes.
> THE COURT: Okay. Because it entirely depends on what is in the pre-sentence investigation and whether or not I have substantial and compelling reasons to depart.
> THE DEFENDANT: Yes, ma'am. I understand.

In denying Stanhope's plea-withdrawal request, the district court noted that Stanhope's statements in support of his plea were inconsistent with his statements in support of plea withdrawal. The district court noted that on one hand, "[m]ultiple times, Mr. Stanhope stated that he understood" that "there were no guarantees or promises [regarding sentencing] and that the PSI would give the Court the information needed to either depart or not." The district court also noted that on the other hand "Mr. Stanhope claimed that he was induced to plead guilty by the promise of a reduced sentence." In the context of these inconsistent statements, the district court's finding that Stanhope's plea was voluntary encompasses a credibility determination to which we defer.

In conclusion, Stanhope has not met his burden to show that his guilty plea was involuntary or unintelligent and therefore invalid. The district court therefore did not err by refusing to allow plea withdrawal under the manifest-injustice standard. Although Stanhope does not argue that he is entitled to relief under the fair-and-just standard if his manifest-injustice claim fails, we nonetheless note that on this record, the district court did not abuse its discretion by denying plea withdrawal under the fair-and-just standard.

**Affirmed.**