*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0005**

State of Minnesota,
Respondent,

vs.

Leroy Lamar Morris,
Appellant.

**Filed December 12, 2016
Affirmed
Smith, John, Judge\***

Ramsey County District Court
File No. 62-CR-13-5994

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Ross, Presiding Judge; Hooten, Judge; and Smith, John, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SMITH, JOHN**, Judge

We affirm the district court's denial of appellant's plea withdrawal motion because appellant received the full benefit of his plea bargain.

## FACTS

Appellant Leroy Lamar Morris was charged with three counts of first-degree burglary, one count of possession of a firearm by an ineligible person, and two counts of second-degree assault. The parties reached an agreement whereby Morris would enter a plea to possession of a firearm by an ineligible person and one count of first-degree burglary involving an assault, the other counts would be dismissed, and the parties would argue disposition to the court. The agreement noted that Morris's attorney expected to argue for a downward durational departure to 60 months or a dispositional departure; there was no agreement as to sentencing terms.

At the plea hearing, Morris expressed confusion multiple times and each time the district court ensured his understanding before proceeding. The district court was ultimately satisfied with and accepted Morris's plea. Prior to the sentencing hearing, Morris moved for a downward sentencing departure. Morris moved for a dispositional departure in the form of a stayed sentence with up to 20 years of probation, and in the alternative, an executed prison sentence of 48 to 60 months.[1] Morris supplemented his

---

[1] The presentence investigation report indicated a presumptive guidelines sentence of 60 months executed with respect to the charge for possession of a firearm by an ineligible person and a presumptive guideline sentence of 111 months executed with a range between 95 and 132 months with respect to the charge for first-degree burglary with an assault.

motion with a memorandum in support of a downward sentencing departure, a memorandum from a dispositional advisor supporting departure, and oral argument at his sentencing hearing.

The district court sentenced Morris to an executed 60-month prison term on the conviction for possession of a firearm by an ineligible person and to a concurrent executed 60-month prison term on the conviction for first-degree burglary with an assault, describing the latter as a downward durational departure. The state appealed this sentence, arguing that the district court abused its discretion by failing to state "offense-related reasons for a [downward] durational departure." *Morris*, 2015 WL 1961284, at *2. This court held that the district court's reasons for the departure were improper and that there was "insufficient evidence in the record to otherwise justify the departure." *Morris*, 2015 WL 1961284, at *5. As a result, this court reversed the sentence imposed with regard to first-degree burglary and remanded for resentencing. *Morris*, 2015 WL 1961284, at *5.

Prior to the resentencing hearing but after the court of appeals issued its decision, Morris filed a motion to withdraw his guilty plea on the basis of manifest injustice. Morris's attorney argued at resentencing that Morris's plea was not knowing, voluntary, or intelligent; that Morris "did not understand the substance of the guilty plea or the rights that he was giving up;" and that he still did not understand at the resentencing hearing itself. The district court concluded that Morris "put in a very valid plea of guilty" and "no

---

*State v. Morris*, No. A14-2129, 2015 WL 1961284, at *1 (Minn. App. May 4, 2015). The report recommended imposition of the presumptive guideline sentence on for both counts. *Id.*

manifest injustice" existed. The district court then considered Morris's departure motion filed before the original sentencing hearing, though only in reference to a potential dispositional departure. After hearing from both parties, the district court resentenced Morris to the presumptive-guideline sentence of 111 months for first-degree burglary with an assault, leaving undisturbed the 60-month sentence for possession of a firearm by an ineligible person.

**D E C I S I O N**

**I.**

"A defendant does not have an absolute right to withdraw a valid guilty plea." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). The district court must allow plea withdrawal at any time "upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists if a plea is not valid. *Theis,* 742 N.W.2d at 646. For a plea to be valid, it must be "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Issues regarding the validity of a plea and regarding interpretation and enforcement of a plea agreement are reviewed de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010); *State v. Brown*, 606 N.W.2d 670, 674 (Minn. 2000).

Morris asserts that he should be allowed to withdraw his plea because it was invalid as a result of an illusory sentencing-term. The plea agreement included a clause that Morris could argue for both a durational departure to 60 months or a dispositional departure. Morris contends that once the court of appeals ruled that a durational departure was unsupported by the evidence, this aspect of the plea agreement "became illusory." Morris

4

correctly notes that "[w]hen a guilty plea is induced by unfulfilled or unfulfillable promises, the voluntariness of the plea is drawn into question." *State v. Wukawitz*, 662 N.W.2d 517, 526 (Minn. 2003). The voluntariness of a plea is determined by an examination of "what the parties reasonably understood to be the terms of the agreement." *Raleigh*, 778 N.W.2d at 96. Respondent State of Minnesota alleges that Morris "indisputably got exactly what he was promised: the opportunity to argue for a durational or dispositional departure," and that Morris "was not promised more than one opportunity to argue for a durational departure." We agree.

Morris understood that his attorney would argue for departure: in the plea colloquy, his attorney confirmed that Morris was taking advantage of the plea agreement and also "tak[ing] advantage of [his attorney's] ability to argue to the Court that [he] should receive a mitigated departure." When Morris expressed confusion about his sentence, the district court reminded him that his attorney would argue for a 60-month sentence and the state would argue for a longer sentence. The district court also confirmed early in the plea hearing that Morris understood there was no agreement regarding sentencing, asking, "So if you plead guilty today and we get to sentencing you can't withdraw your plea at that point just because I won't go along with the 60 months; do you understand?" to which Morris responded, "Yes, yes, ma'am."

Morris took advantage of all opportunities to argue for a downward departure, either dispositional or durational. Morris filed a motion for a dispositional or durational departure with a memorandum in support, as well as a memorandum from a dispositional advisor in support of both potential means of departure. He argued at his sentencing hearing for a

5

dispositional departure and alternatively for a durational departure. He initially received a durational departure, which was then overturned by this court, and he argued again on resentencing for a dispositional departure.

The plea agreement as memorialized on Morris's petition to enter a guilty plea read in its entirety as follows: "*Alford* plea, dismiss remaining charges, no agreement on time. Defense will argue for a durational departure to 60 months or a dispositional departure." The district court accepted Morris's *Alford-Goulette* plea, *see State v. Ecker*, 521 N.W.2d 712, 716 (Minn. 1994), to one count on each file and dismissed all remaining charges. Morris was allowed to, and did in fact, argue for a durational departure to 60 months or a dispositional departure. This was the extent of the plea agreement, the "promise" of each term was fulfilled, and Morris received the benefit of each term. Morris's plea was not involuntary on these grounds.

"The voluntariness requirement ensures a defendant is not pleading guilty due to improper pressure or coercion." *Raleigh*, 778 N.W.2d at 96. Morris repeatedly confirmed that his plea was voluntary: he agreed he was of sound mind and judgment, sober, and not being forced or threatened, and indicated that he wanted to plead guilty. After a discussion to clarify sentencing, the district court reaffirmed that Morris was "entering this plea freely and voluntarily." Morris's plea satisfies the voluntariness requirement.

In sum, Morris has not shown the invalidity of his plea, which would constitute a manifest injustice entitling him to plea withdrawal. Morris does not contest the conclusion that his plea was accurate or intelligent, and his plea satisfies the accuracy and intelligence requirements. Though Morris contests the finding as to the voluntariness of his plea, he

6

continually affirmed his willingness to proceed and the voluntary nature of his plea at the plea hearing. The ruling by the court of appeals that a durational departure was not supported by the facts did not invalidate Morris's plea by rendering a term of the agreement illusory; Morris argued for departure and therefore received the full benefit of his bargain. Morris's plea was valid.

## II.

Morris argues that the district court failed to consider his plea withdrawal motion under the fair-and-just standard for presentence plea withdrawal. *See* Minn. R. Crim. P. 15.05, subd. 2. This contention requires acceptance of the premise that this court's remand for resentencing on one of two convictions returned Morris's case to a presentence status. The basis for Morris's plea withdrawal argument under the lower fair-and-just standard is again the invalidity of his plea. Morris's plea was valid and therefore would not satisfy either standard for withdrawal. As a result, we need not reach the issue of which standard to apply or determine sentencing posture.

**Affirmed.**